**DABNEY, Admr, Etc v
ROSE BROTHERS, Etc, et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4400. Decided Dec 11, 1933

Mr. Charles Hornberger, Cincinnati, and Mr. Harry R. Weber, Cincinnati, for plaintiff in error.

Mr. Wm. R. Collins, Cincinnati, Mr. Fred Weiland, Cincinnati, Mr. Frank Woodward, Cincinnati, Messrs. Osborne & Roberts, Cincinnati, Mr. Ed. A. Schott, Cincinnati, Mr. George Slaline, Cincinnati, Messrs. Phillip & S. C. Roettinger, Cincinnati, and Messrs. Hightower & O'Brien, Cincinnati, for defendants in error.

## OPINION

By ROSS, J.

It is perfectly obvious that the court properly permitted the property to go to sale for the benefit of all concerned and took the necessary steps to defer the consideration of priorities and validity of liens, providing that the same attached to the funds realized in the same order and to

the same extent they would have been recognized against the property sold. We find no merit in this assignment.

The plaintiff in error asserts error in the allowance of the liens of two claimants based upon their failure to prove their legal authority to do business in Ohio. It is admitted by counsel for defendants in error that the trial commenced upon November 18, 1932, and that on that date plaintiff in error filed a reply denying all matters not admitted true in the petition. Certainly the right to do business was put in issue. The record showing no proof of this right, requires a reversal for prejudicial error as to these claimants.

As to these claimants, it is also asserted that their liens are invalid by reason of the fact that the lien affidavits were notarized by the general manager of such companies, acting as the notary. The pertinent part of §8314 GC is as follows:

"* * * Such affidavit may be verified before any person authorized to administer oaths, whether attorney for the owner, lien claimant, or other party interested or not, * * *."

It is stated for the plaintiff in error that this language is limited to extending the privileges of notarization to an attorney, and yet we are cited to Conray Brothers, Inc., v J. J. Duggan & Brother, et, 17 Oh Ap 429, which holds that an affidavit provided for in §8324 GC, taken before an attorney for a lien claimant is void. The case would now be in conflict with the reasoning of Evans, et v Lawyer, 123 Oh St 62, which applies the enabling provisions of §8314 to the entire act. We find it unnecessary to go beyond the plain words used in §8314 GC. The succeeding clauses to the words "such affidavit may be verified before any person authorized to administer oaths", are merely emphatic in including a certain class or classes of persons within the general provisions. They can not extend the general inclusiveness of the phrase—they certainly do not limit it. Their only purpose is particular definition and emphasis. The affidavits were not void because they were sworn to before the general manager of the lien claimant, if the person acting as notary was such.

A further question was raised by the plaintiff in error involving the allowance of fees to the attorney for the lien claimant.

If the fund was exhausted by the lien claimants so that the fee if not allowed would still not create a fund in which the holder of the mortgage or owner would participate, the plaintiff in error as junior claimant and the owner could not be prejudiced, as the fees would be paid out of funds in which the claimants alone were interested. If, however, one of these latter should object, the fee would necessarily be disallowed, as the fund was manifestly brought into court by the mortgagee. An objection to be valid, however, can naturally only be made by one having a participating interest in the fund.

The most serious defect in the proceedings noted by plaintiff in error is that no proof was offered showing a principal contract or contracts with the owner.

It is asserted for the defendants in error that in the opening statements these were admitted. This is strenuously denied by the plaintiff in error. We are cited by the defendants in error to the record, where it is claimed the Court stated that these were "admitted." The record shows that a witness was asked if a contractor, designated as the principal contractor, had a contract with the owner. He answered: "No—he said", and was interrupted by the Court—saying "Well, that is admitted in the case". A reading of the record does not disclose whether or not there was more than one principal contractor—nor does it disclose the terms, and the amounts involved in such contract or contracts, if such existed. The very essence of priority is involved here. If there was one main contract, then work commenced by any subcontractor would enure to the benefit of all subcontractors; material-men and the head contractor in determining priority as against a mortgage filed subsequently to the commencement of work by any one of these.

There is evidence that work was commenced by one subcontractor before the filing of the mortgage. If there were more than one principal contract, then only those covered by the contract under which work was commenced would profit by the priority gained.

Again, the total sum of the liens of contractors, and materialmen can not exceed the principal contract or contracts. The record is wholly silent as to the amount involved in these. In this matter the mortgage holder, considered by the court to be a junior lien claimant, is vitally interested for the amount of the principal contract or contracts under which work was commenced prior to the filing of the mortgage might not equal the proceeds of the sale, in which case the mortgage holder would

participate to the extent of such surplus, though junior to the lien holders.

For the reasons given, it is our conclusion that the case must be remanded to the Court of Common Pleas for a new trial upon the questions of the validity and priority of the liens involved.

What has been stated here may be taken as the law of the case as far as the same may be applicable to the alternative situations considered, if such develop.

The judgment of the Court of Common Pleas is reversed to the extent indicated and the case remanded for a new trial upon the issues mentioned.

HAMILTON, PJ, and CUSHING, J, concur.