J. C. MATTHEWS, *et al.,* v. ANNIE WILKERSON, *et al.*

182 So. 439.
Division B.
Opinion Filed June 14, 1938.
Rehearing Denied July 14, 1938.

*Fielding & Duncan,* for Appellants;

*O. Lamar Crocker* and *Baxter & Clayton,* for Appellees.

BROWN, J.—Annie Wilkerson, joined by her husband, John D. Wilkerson, filed an amended bill in the Circuit Court of Gilchrist County against J. C. Matthews, individually and as administrator of the estate of S. G. Matthews, deceased, and others. The bill prayed for an accounting against J. C. Matthews, and for a partition of all the lands and personal property mentioned and described in the bill, and for an injunction against the issuance of a tax deed to the lands mentioned in the bill.

The amended bill alleges that S. G. Matthews died intestate on or about December 20th, 1929, and left "as assets of his estate" the lands and personal property that are de-

scribed therein, and that the sole surviving "heirs at law" of S. G. Matthews were the complainant and the defendants named in the amended bill. It is further alleged that the complainant, as an heir at law of the said S. G. Matthews, deceased, is entitled to a one-seventh interest in all the real and personal property of the said decedent, subject to the payment of the debts of the estate; and that J. C. Matthews, one of the heirs, went into possession of the lands and personal property soon after he was appointed administrator and converted them to his own use and has never made any distribution, or accounting of any of the proceeds to the heirs at law, and that though seven years have elapsed he has never filed in the County Judge's office any accounting of his acts as administrator; and though the county court house has burned and destroyed the records he has made no attempt to reestablish them; and that the said J. C. Matthews has applied for a tax deed on the real estate described in the amended bill.

On October 5, 1936, the defendants, J. C. Matthews and Lola Matthews, filed their motion to dismiss the amended bill on the following grounds: (1) The bill is indefinite and uncertain; (2) the bill merely alleges the opinions and conclusions of the pleader; (3) bill tends to delay and hinder a fair trial of the said cause; (4) there is no equity in the bill.

The motion was denied by the court and the defendants were allowed to and including the November rule day, A. D. 1936, in which to answer said amended bill of complaint.

These defendants, not having pleaded further in the time allotted them by the court, and the defendants, Mable Miller and husband, Harvey Miller; Samuel T. Matthews and wife, Louise Matthews; Maxie D. Matthews and wife, Florine Matthews; Alma Mimms and husband, Thomas Mimms; Jackson C. Matthews and wife, Dorothy Matthews; Wal-

ter Matthews and wife, Ruby Matthews, having filed their appearance and failed to file any ·pleadings, decrees *pro confesso* were entered by the Clerk.

Alma Mimms, having been adjudged insane after process had been served on her, had the court enter an order appointing a guardian *ad litem.·* He filed an answer in .her behalf, admitting most of the allegations of the amended bill.

. An examiner was appointed and testimony was taken and filed. On December 8, 1936, the court entered a decree for partition, finding that the equities were with the plaintiffs and ratifying·and approving the decrees *pro confesso* heretofore entered by the clerk. The court further found that J. C. Matthews "is indebted to the plaintiff * * * and the other defendants in the sum of eight hundred and thirty-five dollars." The tax deed was annulled and cancelled,·and each of the heirs was found to be entitled to one-seventh interest in the land described in the amended bill. .

Commissioners were appointed to make the partition and they made a report to the. effect that a partition could not be made without great prejudice to the owners of the land. The Chancellor ratified the Commissioners' report and ordered that the lands be sold at public auction.

On February 13, 1937, J. C. Matthews filed his entry of appeal and assigned as error: (1) The court erred in denying the motion of ·J. C. Matthews and wife, Lola Matthews, to dismiss the bill of complaint; (2) The entry of decrees *pro confesso* against J. C. Matthews and Lola Matthews was error; (3) The decree of partition adjudicating the equities of the cause to be with the ·plaintiffs, was erroneously entered, and was entered before the expiration of the time for taking of testimony by the insane defendant

and her guardian *ad litem;* (4) Court erred in its final decree ordering sale of the property.

This Court has repeatedly held that while an appeal may be taken from a final decree by a defendant against whom a decree *pro confesso* has been entered, the general rule is that upon such an appeal the appellate court will only review the legality of the proceedings prior to the default. Ordinarily, after a decree *pro confesso* regularly taken has become absolute, the proceedings are *ex parte* and the defendant cannot object to mere irregularities therein, but the final decree must be proper and such as the complainant is entitled to take on his bill. Minick v. Minick, 111 Fla. 469, 149 So. 483, 490; Clarkson v. Louderback, 36 Fla. 660, 19 So. 887; Garvin v. Watkins, 29 Fla. 151, 10 So. 818; Lenfesty v. Coe, 34 Fla. 363, 16 So. 277; Hart v. Stribling, 21 Fla. 136; Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501.

It is contended under the first assignment of error that the amended bill should have been dismissed upon the motion of respondents, J. C. Matthews and wife. We have carefully considered the amended bill and it is our conclusion that it is not vulnerable to attack on the grounds assigned in respondents' motion. Although no attack is made on the allegation of title in the amended bill appellants contend that there is no equity in the bill for the reason that the facts alleged are not sufficient to show such title as is necessary to entitle complainant to a partition. We are of the opinion that the allegations are sufficient to entitle appellant to the relief sought. Even if the bill did not contain sufficient allegations to establish title in the parties before the court, still the bill should not have been dismissed for want of equity, because it appears by the allegations of the bill that J. C. Matthews occupied a fiduciary relationship and had converted the property to

his own use, etc., and under the allegations of the bill should have been compelled to account. If the complainant is entitled to any relief under the allegations of his bill, then the bill should not be dismissed for want of equity.

The motion to dismiss admitted the allegations of the bill that the property sought to be partitioned was left "as assets of his (S. G. Matthews) estate" and that the parties to the suit were the sole surviving "heirs at law" and that as such complainants were entitled to "a one-seventh interest in all the real and personal property." The motion to dismiss was properly denied by the Chancellor, and as the respondents refused to plead further the decree *pro confesso* was regularly entered. Rule 33, sub-section 3 of the Chancery Act, is as follows:

"(3) TIME TO ANSWER IF MOTION DENIED. If the motion to dismiss be denied, answer shall be filed within ten days thereafter or such other time as may be ordered by the court, or a decree *pro confesso* entered by the clerk or judge."

And Rule 42 of the Chancery Act provides:

"Section 42. Default; decree *pro confesso*. If the defendant shall fail to file his appearance or shall fail to file his answer or other defense to the bill of complaint, within the time prescribed by law, or within such other time as shall have been fixed by the court, then the plaintiff may at his election take an order to be entered by the clerk or judge, as of course, that the bill be taken *pro confesso;* and thereupon the cause shall proceed *ex parte,* and the matter or bill may be decreed by the court accordingly if the same can be done without an answer and is proper to be decreed."

The allegations of the bill taken as confessed and established by the decree *pro confesso* and the answer by the guardian *ad litem* are sufficient to warrant the final decree

entered by the Chancellor and no reversible errors are made. to appear.

Although it does not appear that the guardian *ad litem* committed error in allowing final judgment to be entered before the expiration of the time for taking testimony (See C. G. L., Section 4911) this was subsequent to the default of J. C. Matthews and his wife, and they have no right to complain on this appeal.

No reversible errors are made to appear on this appeal and the judgment and decree of the Chancellor is accordingly affirmed.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.