FLORIDA NEW DEAL COMPANY v. CRANE CO.

194 So. 865
Division B
Opinion Filed March 22, 1940

*Peters & Kemp,* for Appellant;

*Thompson & Thompson, John G. Thompson* and *J. Tillman Pearson,* for Appellee.

CHAPMAN, J.—On May 16, 1936, plaintiff filed in the Circuit Court of Dade County, Florida, its second amended bill of complaint, praying for relief, viz.: (a) an accounting as to the amount due the plaintiff for plumbing materials furnished; (b) that a lien be declared against the property described therein; (c) that the property be sold to satisfy the amount of the lien. The bill of complaint had attached thereto as exhibits: (1) a letter; (2) notice of intention to claim a lien; (3) claim of lien.

The defendant below filed a motion to dismiss the second amended bill of complaint on various grounds, viz.: (a) the second amended bill of complaint contains no equity; (b) the plaintiff, as a matter of law, is not entitled to a lien; (c) the bill and exhibits attached create no lien against the described property; (d) the claim of lien was not filed as required by Chapter 17097, Acts of 1935, Laws of Florida; (e) the amended bill on its face shows that the plaintiff is not entitled to a lien on the property under the laws of Florida.

On June 3, 1938, the lower court entered an order overruling the motion to dismiss and required the filing of an answer within twenty days. An answer was filed, an order of reference made and a motion was made, before the master, that the plaintiff be required to produce certain books, records and papers touching the items of the lien at a hearing to be held before the Special Master. This motion for the production of books, records, etc., was presented and argued before the circuit court and an order was made thereon holding in abeyance a ruling upon the motion to produce same before the master until such a time as it was shown that the documents requested were necessary. There was not a denial of the motion to produce the books, records and papers, but only a withholding of a ruling

thereon until the relevancy and materiality thereof was made to appear. From this order and the order overruling and denying the motion to dismiss the second amended bill of complaint an appeal has been perfected to this Court and the same are here for review on the assignments: (a) the lower court erred in its order dated June 3, 1938, overruling and denying defendant's motion to dismiss the second amended bill of complaint; and (b) the withholding of an order requiring the plaintiff to produce books, records and papers touching the lien claimed, before the master until such a time as the relevancy and materiality thereof was clearly made to appear.

It will be observed that the motion to dismiss raises the question of whether or not the second amended bill of complaint contains equity. Under the 1931 Chancery Practice Act this Court has held that a motion to dismiss serves the purpose of a general demurrer and such motion tests the sufficiency of the allegations of the bill and admits the allegations thereof which are well pleaded for the purpose intended. See Archibald v. Curry, 140 Fla. 189, 191 So. 308. A motion to dismiss should be denied if the bill contains any ground for equitable relief. We have carefully examined the sufficiency of the second amended bill called into question by the motion to dismiss and hold that the same contains equity. If the bill of complaint states any ground for equitable relief, it is not without equity. See Masser v. London Operating Co., 106 Fla. 474, 145 So. 72. If a plaintiff is entitled to any relief under the allegations of a bill, the bill should not be dismissed for want of equity. See Matthews v. Wilkerson, 132 Fla. 753, 182 So. 439. There was no error committed on the part of the lower court in entering the order overruling and denying

defendant's motion to dismiss the second amended bill of complaint.

It appears that appellant bases its insistence for reversal principally on the fact that the affidavit attached to claim of lien filed June 18, 1936, contains the following averment:

"Deponent further says that the last item of labor, services and materials was performed and furnished on or about the 2nd day of March, A. D. 1936; and of the contract price stated there is unpaid the amount of Thirteen Hundred Sixty-two Dollars and Eighty-four cents, ($1,362.84) for which amount he claims a lien on the real property herein described."

And it, therefore, affirmatively appears that the claim of lien was not filed within three months after the delivery of the last of the materials for which the lien is claimed.

The second amended bill of complaint alleges:

"That whereas, said claim of lien states that the last item was furnished on or about the 2nd day of March, A. D. 1936, that as a matter of fact, the last item of material was furnished on or about the 11th day of May, A. D. 1936; that each of the items furnished, as set forth in said claim of lien, were plumbing supplies and became a part of an apartment house erected by said defendant, Florida New Deal Company, on the above described property; that said items of plumbing supplies as set forth in said claim of lien were furnished between the dates of August 6, 1935, and May 11, 1936; that the last item of said material and labor was furnished on the 11th day of May, A. D. 1936; and that at the time of the filing of this second amended bill of complaint, the defendant, Florida New Deal Company, is indebted to the plaintiff for the same in the sum of $1,226.16, and in addition thereto, for interest on the price of each item from the date the same was furnished, which

amounts or any part thereof, the defendant, Florida New Deal Company, has failed and refused to pay."

Sub-sections 6 and 8 of Section 14 of Chapter 17097, *supra,* provides:

"6. The time when the last item of labor or services was performed or of materials was furnished."

"8. The claim of lien shall be signed and verified on personal oath by the lienor, or, in the case of a partnership lienor, by one of the partners, or in the case of a corporate lienor, by the lienor's agent acquainted with the facts stated therein."

There being no showing that the defendant "has been adversely affected to a substantial extent" by the alleged error in the involved statement, such error did not render the notice of lien ineffectual. See paragraph succeeding Subsection 8 of Section 14 above referred to.

It is next contended that the lower court erred in its order deferring a ruling on the motion to produce books, records, and papers before the master until the use there was shown to be necessary. It appears to us that this ruling is one involving the sound judicial discretion of the chancellor. If the books, records, papers and documents in the possession of the plaintiff concerning the issues involved, are shown by an appropriate application to be made on the part of the defendant to the court that an inspection thereof is material to the defendant's case, or that the same contained evidence advantageous to the defendant, and the chancellor is convinced that these facts are true, he can, under the terms of the order assigned as error, at a subsequent date, require the production thereof. We fail to find merit in this assignment.

The orders appealed from are hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927; and Rule 21-A of the Rules of this Court.