W. T. Price Dredging Corporation and Coconut Grove Exchange Bank, a Florida Corporation, v. Nio Suarez, *et al.*

2 So. (2nd) 740
Division B
Opinion Filed May 20, 1941
Rehearing Denied June 18, 1941

*Clement L. Theed* for Appellant, W. T. Price Dredging Corporation, and *Leland Hyzer* for Appellant, Coconut Grove Exchange Bank;

*M. Earl Baum* and *J. Lewis Hall* for Appellee, Coral Way Builders Supply Co., Inc., and *Meyer, Davis & Weiss* for Appellees, Miami Station, Inc., and *Blackwell & Walker,* for Appellee, D. H. Matthews.

Chapman, J.—The record here discloses that Nio Suarez, on August 15, 1938, owned a building lot situated in Miami, Dade County, Florida, and entered into a contract with Alvy McDonald to construct a building thereon. The Coconut Grove Exchange Bank, on August 15, 1938, accepted a note and mortgage on said lot for the sum of $2,000.00, but the mortgage was not recorded among the public records of Dade County, Florida, until August 24, 1938. The mortgagors, Nio

Suarez and wife, by an appropriate instrument, appointed the Coconut Grove Exchange Bank as their agent to retain the entire sum of $2,000.00 and from this fund pay the several items accruing incident to the construction of the dwelling, and these respective items would by the bank be paid on demand of the mortgagors or their contractor.

D. H. Matthews performed labor in the construction of the dwelling and Coral Way Builders Supply Co., Inc., and W. T. Price Dredging Corporation furnished or supplied materials incident to the construction of the building. The contractor, Alvy McDonald, abandoned or was otherwise unable to perform his contract, when the several parties here submitted its or their claim for adjudication under the provisions of Chapter 17097, Acts of 1935, Laws of Florida, commonly known as the mechanics' or laborers' lien law.

The Coconut Grove Exchange Bank filed suit to foreclose its mortgage and joined several lienors as parties defendant. The case was referred to a master, who heard all the testimony and made recommendations as to the entry of a decree. The chancellor heard argument of counsel on exceptions to the report of the master, and after reviewing all the evidence appearing in the record, entered a final decree by the terms of which the order of payment to the lienors was found and determined. It is from this decree that an appeal has been perfected to this Court by the Coconut Grove Exchange Bank and W. T. Price Dredging Corporation.

The chancellor in his final decree adjudicated the liens and the amount of each of the respective parties and established their priorities of payment viz.: (1) the laborer, D. H. Matthews, a lien on the building and

real estate upon which he worked, and the same was decreed superior in dignity to the liens of all the parties; (2) the claims of the materialmen, Miami Station, Inc., and Coral Way Builders Supply Co., Inc., were of equal dignity to each other; (3) the mortgage lien of the Coconut Grove Exchange Bank was decreed a lien on the property but inferior in dignity to the liens described under (1) and (2) *supra;* (4) while the claim of the W. T. Price Dredging Corporation was decreed a lien inferior in dignity to all the liens *supra.*

It is here contended that the chancellor below erred in decreeing that the several enumerated liens described under (1) and (2) *supra* were superior in dignity to that of the mortgage lien of the Coconut Grove Exchange Bank, and the decree was also erroneous in holding that the lien of the W. T. Price Dredging Corporation was inferior in dignity to all the other liens against the property. It necessarily follows that the settlement of these questions must turn on the evidence adduced before the master and reviewed by the chancellor in settling the equities of the cause.

Section 6 of Chapter 17097, Acts of 1935, *supra,* provides the rule controlling the court in the allowance of liens and for determining the amounts thereof. Section 20 of Chapter 17097, *supra,* establishes the priority of liens. Subsection 1 of Section 3 of said chapter provides that all liens shall relate to and take effect from the time of the visible commencement of operations of the construction of the building. See Florida New Deal Co. v. Crane Co., 142 Fla. 471, 194 So. 865; Hendry Lumber Co., v. Bryant, 138 Fla. 485, 189 So. 710. The law creates a lien at the time a materialman furnishes or supplies material used in

the construction of the building, when his lien attaches to the land and building. The several steps as to notice and the contents of claim of liens are clearly set out in the statute.

The court below reviewed the testimony and held that materials were furnished by some of the material-men prior to the recording of the mortgage here involved, or in other words, prior to August 24, 1938. The statute holds that the lien "shall relate to and take effect from the time of the visible commencement of the operations" of construction. We think there is substantial testimony in the record to support the conclusion of the chancellor below and accordingly the decree appealed from is hereby affirmed.

BROWN, C. J., TERRELL, and THOMAS, J. J., concur.