90 So.2d 610 (1956)
Charles GEISER and Millard B. Conklin and United States of America, Appellants,
v.
PERMACRETE, INC., et al., Appellees.
No. 27068.
Supreme Court of Florida. Division B.
November 7, 1956.
Rehearing Denied December 4, 1956.
*611 Millard B. Conklin, Daytona Beach, for appellants.
Raymond, Wilson & Karl, Anthony J. Grezik, Massfeller & Stewart and Berrien H. Becks, Daytona Beach, for appellees.
O'CONNELL, Justice.
Appellants Charles Geiser and Millard B. Conklin are assignees of a third mortgage on real property which was the subject of a foreclosure suit wherein a first and second mortgage were foreclosed by a prior mortgagee not a party to this appeal. By summary final decree the trial court adjudged the appellants' third mortgage to be good and valid and the assignment to appellants duly made, but that the lien of such mortgage was inferior to liens claimed by appellees under the Mechanics' Lien Law, F.S. Chapter 84, F.S.A.
The court found the mechanics' liens to be superior to the third mortgage lien since their priority dated "from the first visible commencement of operations which were undertaken prior to October 12, 1953". Appellants' mortgage was dated September 30, 1953 but was not recorded until October 14, 1953. The appellees, however, did not begin furnishing materials until after October 14, 1953, although other work had commenced prior to that date. Each of the appellees appears to have contracted directly with the then owner of the property. There does not appear to have been a general contractor for the improvement.
Appellants contend that the lower court erred in both law and fact. The first visible operations commenced after October 14, 1953, they say. The lower court had before it the affidavit of the owner and those of two materialmen stating that the work started prior to October 14, 1953. No opposing affidavits were filed and we believe the court was correct in determining the date of visible commencement of operations to have been prior to October 14, 1953 as it did in the summary final decree.
The appellants next contend that even if the first work did commence prior to the recording of the mortgage, such would not, under F.S. § 84.03, F.S.A., and a previous holding of this Court, give any priority to appellees' liens over their mortgage. They cite the case of W.T. Price Dredging Corp. v. Suarez, 147 Fla. 253, 2 So.2d 740, as authority for this contention. In that case this Court held that certain mechanics' liens were superior to that of a mortgage lien but that the lien of the dredging corporation was inferior thereto.
The facts were not fully set out in the published opinion in the Price Dredging case. Appellant assumes and construes the facts in that case to be: (1) that the improvement involved there was visibly commenced and some materialmen furnished materials prior, in time, to the recording of a mortgage there in question; (2) that the dredging company furnished the materials for which it claimed a lien after the recording of the mortgage, and (3) that because it furnished its materials after the *612 recordation of the mortgage, the mortgage lien was held to be prior in dignity to the mechanic's lien claimed by the dredging company, although the mortgage lien was held to be inferior in dignity to the liens of those who furnished materials prior to the recording of the mortgage.
If the facts in the Price Dredging case were as contended by appellant that case would be authority for appellants' contention, but from a reading of the record and briefs in that case we find the facts to be otherwise.
The record and briefs in that case reveal that the dredging company had actually delivered materials to the property improved before the recording of the mortgage but that the dredging company acknowledged the mortgage to be superior to its lien. It appears therefore that it was for this reason alone that this court held the dredging company's lien to be inferior to the mortgage lien there involved.
Prior to the enactment of the Mechanics' Lien Law, F.S. Chapter 84, F.S.A., our holding was that "there is no blanket lien * * * which attaches upon the property from the moment the first step is taken toward the construction of the contemplated improvement. The liens are acquired individually * * * and, if the material is furnished or the labor supplied upon a continuing contract to supply such material or labor for the building or improvement contemplated, the lien attaches or is acquired from the moment the first material is furnished or labor supplied under the [individual] contract." Palm Beach Bank & Trust Co. v. Lainhart, 84 Fla. 662, 95 So. 122, 125; People's Bank of Jacksonville v. Arbuckle, 82 Fla. 479, 90 So. 458. Then, in 1936, we adopted the Uniform Mechanics' Lien Law. We seem to have been the only State to do so. Subsequently, in the Price Dredging Corporation case, supra, we construed the provision to provide a blanket lien in favor of all mechanics and materialmen, relating back to the date when operations were first visibly commenced, because we found that the statute held that the liens "`shall relate to and take effect from the time of the [first] visible commencement of operations'". [147 Fla. 253, 2 So.2d 741] In the more recent case of Reading v. Blakeman, Fla., 66 So.2d 682, 683, we held that a mortgagee was "chargeable with notice, of Section 84.03(1), F.S., F.S.A., which provides that liens shall relate to and take effect from the [first] visible commencement of operations."
In Section 283, Kooman, Florida Chancery Pleading and Practice, page 639, we find the following:
"Under the prior statutes it was held that a lien for labor or materials did not relate back to the commencement of construction regardless of who began the work. In other words, a lien was acquired separately and individually by each laborer and materialman and it accrued when the first labor was performed or the first materials were furnished by the individual lienor. But the Uniform Mechanics' Lien Act apparently places no such restriction upon the lien claimant. Its language is broad enough to charge a purchaser or creditor with notice of all liens which accrue during the progress of the work whether before or after the recording of his conveyance or mortgage."
See also 57 C.J.S., Mechanics' Liens, § 200(c); IV American Law of Property, Sec. 16.106F, pp. 227 et seq.; 10 Thompson on Real Property (Perm.Ed.) Sec. 5496; A Study of the Florida Mechanics' Lien Law and Its Unsuspected Pitfalls (Feb. 1952) VI U. of Miami L.Q., 246; and VII U of Miami L.Q., 477, 478.
Consequently, we feel that we are forced to hold that since the statute specifically so provides, all liens arising under Chapter 84, F.S.A. shall relate back to the time of the visible commencement of operations.
*613 It is noted that in the instant case each of the lienors contracted directly with the owner and no general contractor was involved. We do not believe the fact that no general contract was involved alters the effect of the statute. We have found little authority for the requirement that there be a general contract. See Dabney v. Rose Bros. Co., 47 Ohio App. 278, 191 N.E. 810, cited in 57 C.J.S., Mechanics' Liens, § 200(c), and American Bldg. Material Service Co. v. Wallin, 116 Cal. App. 527, 2 P.2d 1007. Neither of these two cases has been cited on that point other than in C.J.S., referred to above. Jones on Liens, 3rd ed. Vol. 2, Sec. 1482, says a blanket lien can apply even when there are two separate contracts in lieu of one general contract if such two are so closely connected as to say there was actually one "running account".
We are conscious of the possibility that the blanket lien theory if unrestrained could bring about a harsh application unjustily adverse to the interests of a mortgagee, such as in the case where visible work is commenced on one date, a mortgage is subsequently recorded, and at a much later date, under a separate contract, other materials are delivered or labor supplied and such materialman or laborer is given a lien dating back to the date operations were performed by one with whom the last materialman or laborer had no privity of contract. To avoid such an application, we feel it wise to say that, in order for one to benefit by the blanket lien theory, or relation back doctrine, the material delivered or labor or services performed must have been in connection with a single construction project going forward under a common plan, prosecuted with reasonable promptness to a conclusion and without material abandonment. If these requisites be met, even though there is no general contract involved, a subsequent materialman or laborer can benefit by the date some other person under separate contract with the owner first performed visible operations. Such a lienor could thereby acquire priority over an intervening mortgagee. We believe the case at bar comes within such a situation.
We find our interpretation of Section 84.03 to be in particular keeping with F.S. § 84.02, F.S.A., which, subject to the provisions of other sections of the law, provides that all liens provided by the chapter on Mechanics' Liens shall be on a parity. To hold otherwise would necessitate interpreting the section to provide, as it does not, that all liens under one general contract shall be on a parity.
The appellees filed cross assignments of error, and in their brief argue six questions. One of their contentions is that the trial court should not have determined that the third mortgage and note held by appellants was a valid mortgage and note. They say that, as to the validity of the third mortgage and note, there were controverted questions of fact necessary to be determined by the Court. Yet we find that these same appellees made motions for summary final decree asserting that there were no genuine issues of material fact in the cause and asked the Court to determine the validity and priority of the various liens based on the pleadings, record, interrogatories, depositions and affidavits filed in the cause. We must and do reject this contention of appellees as being without merit.
Appellees also contend that the trial court erred in amending its final decree, nunc pro tunc, to show appellants to be the present holders of the third mortgage. Nevertheless, we find that the appellees consented to the entry of said order by stipulation. They cannot now complain of its entry. Nor do we find any merit in the other contentions made by appellees.
Finding no error in the decree appealed from, it is
Affirmed.
DREW, C.J., THOMAS and ROBERTS, JJ., concur.