SMITH, Judge.
The appellee, as plaintiff, filed its complaint to foreclose a materialman’s lien alleged to exist on five subdivision lots, claiming they furnished the materials pursuant to a direct contract with the owner for the furnishing of materials to construct improvements on each of the lots as a continuing operation. The appellant bank, as one of the defendants, answered denying the material allegations of the complaint, and counterclaimed for foreclosure of a mortgage it held. Each of the parties then moved for summary decree and submitted affidavits in support thereof. By summary decree, the court found the plaintiff’s lien superior to the bank’s mortgage.
The affidavits of the plaintiff are to the effect that the building inspector of the county inspected the prepared footings which were poured on each of the lots and approved the same on August 28, 1959. The affidavit of the plaintiff’s manager is to the effect that the plaintiff furnished concrete and steel for the footings on the lots; that the footings were poured on August 27, 1959; and that certain other masonry materials were delivered to the job on the next day.
The defendant bank filed an affidavit by its president that it had no knowledge, until after this suit, that the footers or foundations had been covered up in order to secure the loan from the bank and that it consummated its loan evidenced by the mortgage it held on two of the lots, relying upon the affidavit of a registered land surveyor to the effect that there was no visible evidence of commencement of construction on the two lots on the 9th day of October, 1959. The bank’s mortgage was dated October 1, 1959, and recorded October 5, 1959.
The affidavit of the surveyor recites that he made an inspection of the two lots on October 9, 1959, and that there was no visible evidence of construction operations upon said property and no machinery, equipment or supplies incident to such construction were on said site.
The affidavit of an officer of the defendant property owner recites that the footers were laid on all five lots on August 28, 1959; that there was an abandonment of construction for approximately four months; and that on October 1, 1959, there was no visible commencement of operations.
A material fact to be determined is whether or not the materials were furnished in connection with a single construction project going forward under a common *15 plan, prosecuted with reasonable promptness to a conclusion and without material abandonment, Geiser, et al. v. Permacrete, Inc., Fla.1956, 90 So.2d 610. A further material fact to be determined is when the “visible commencement of operations” took place, as that term is defined in Section 84.01, Florida Statutes, F.S.A., with particular reference to whether or not the work was of such manifest and substantial character as to notify interested persons that the real property is being improved or is about to be improved. Mack Industries, Inc. v. Nelson, Fla.App.1961, 134 So.2d 821.
The pleadings and affidavits show that there was a genuine issue as to these material facts so as to pre-conclude the entry of a summary decree.
This decree is reversed for further proceedings.
SHANNON, C. J., and ALLEN, J., concur. '