250 So.2d 270 (1971)
B.F. STEVENSON, Petitioner,
v.
William H. ARNOLD, Respondent.
No. 40833.
Supreme Court of Florida.
June 30, 1971.
*271 James A. Weck, of Weck, Stone & Barrs, Pompano Beach, for petitioner.
Michael K. Davis, of Watson, Hubert & Davis, Fort Lauderdale, for respondent.
ERVIN, Justice.
We review by writ of certiorari the decision of the District Court of Appeal, Fourth District, in Stevenson v. Arnold, 244 So.2d 549, that court having invoked our review jurisdiction pursuant to Section 4(2), Article V, State Constitution, F.S.A., by certifying that its decision passes upon a question of great public interest, to-wit:
"Whether in a suit seeking a money judgment for unliquidated damages, a defendant against whom a default judgment has been duly and regularly entered, is entitled to notice of trial on the issue of damages notwithstanding Rule 1.080(a), R.C.P."
Briefly stated, the facts of the case are: On August 4, 1967 Petitioner filed an action of accounting for monies paid to the Respondent and other defendants as the result of the sale of corporate assets to a third party. On August 21, 1967 personal service was had upon all the defendants; none of them filed any pleadings. On February 21, 1968, a default judgment was entered against all of them.
A final hearing was then held. Defendants were not notified of the hearing, and they were not present and were not represented by counsel. At this time the court determined the petitioner's right to an accounting as well as the amount to which Petitioner was entitled. On May 28, 1968, final judgment was entered against Respondent and other defendants.
Thirteen months after the entry of final judgment, but only a few weeks after learning of the judgment against them, the defendants moved to set aside and vacate the default and final judgments on the ground that they had not received notice of trial on the issue of damages. The motion was denied.
On appeal, the District Court of Appeal, Fourth District, affirmed that portion of the order denying Respondent's motion to set aside the default; however, it reversed that part denying the motion to set aside final judgment awarding damages against Respondent and other defendants.
We have examined the rules and the prior cases pertinent to the certified question and conclude that a defendant against whom a default judgment has been duly and regularly entered for failure to file pleadings, is not entitled to notice of trial in a suit seeking a money judgment for unliquidated damages except as may be determined by the trial judge to be required by F.R.C.P. Rule 1.500(e), 31 F.S.A.[1]
The reasoning of Judge Reed of the Fourth District Court of Appeal in his *272 dissent in Osceola Farms Company v. Sanchez, Fla.App. 1970, 238 So.2d 477, appears to us to appropriately express the better view concerning the answer to the certified question.
Absent fraud or other valid basis for collateral or other permitted attack on a judgment entered ex parte after default of a defendant for failure to appear and plead or answer, the judgment should stand whether for unliquidated damages or for other relief.
It appears to us that in the instant situation F.R.C.P. Rule 1.080(a), 30 F.S.A.[2] governs and renders unnecessary the notice of trial that F.R.C.P. Rule 1.440(b) requires to be served upon a defendant not in default. Rule 1.080(a) also renders unnecessary the service upon a defendant in default for failure to file pleadings of any other notices that are required by the rules to be served upon a defendant not in default, except that pleadings asserting new or additional claims against the defendant in default shall be served as required by the rule.
All cases in conflict herewith  particularly those relied upon in the opinion of the District Court in this case and also Moore v. Boyd, Fla. 1952, 62 So.2d 427  are modified to the extent they are in conflict with the reasons and result reached herein.
In sum, we hold that generally a defendant in default for failing to file pleadings is not entitled to notice of trial or of other proceedings dispositive of the cause. However, nothing herein is intended to preclude such a defendant from being allowed, in the sound discretion of the trial court, on defendant's timely application, or when his presence at trial or other final disposition of the case is found to be required by F.R.C.P. Rule 1.500(e), to participate at trial on the issue of damages or in other similar disposition of the cause in the manner and within the limitations now accorded such a defendant in default. Nor is it intended that a defendant in default shall suffer loss of any after judgment rights now accorded him by law, including those permitted by rules of Court. See for e.g., F.R.C.P. Rule 1.540. Our holding is limited to the proposition that a defendant in default for failing to file pleadings is not entitled to notice of trial or other proceedings dispositive of the case, and that the trial court may proceed ex parte to disposition of the case, except as otherwise noted herein.
Our review of the merits discloses no abuse of discretion on the part of the trial judge in proceeding ex parte to disposition of the instant case.
The certified question is answered accordingly and the decision of the District Court is quashed and the cause remanded with direction that judgment be entered below in accordance herewith.
ROBERTS, C.J., and CARLTON, ADKINS and BOYD, JJ., concur.
NOTES
[1] Rule 1.500

"(e) Final Judgment. Final judgments after default may be entered by the court at any time but no judgment may be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator or other representative who has appeared in it or unless the court has made an order under Rule 1.210(b) providing that no representative is necessary for the infant or incompetent. If it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may receive affidavits, make references or conduct hearings as it deems necessary and shall accord a right of trial by jury to the parties when required by the Constitution or any statute.
As amended effective Oct. 1, 1968."
[2] Rule 1.080

"(a) Service; When Required. Unless the court otherwise orders, every pleading subsequent to the initial pleading and every order or judgment not entered in open court and every other paper filed in the action, except applications for witness subpoena, shall be served on each party. No service need be made on parties against whom a default has been entered, except that pleadings asserting new or additional claims against them shall be served in the manner provided for service of summons."