JOHNSON, Judge.
Appellant, a third-party defendant below, seeks reversal of the trial court’s final judgment entered upon a default and the trial court’s order denying appellant’s motion for a new trial and rehearing to set aside the default judgment.
In denying the motion for new trial and rehearing, the trial judge noted that the court had considered the motion as well as the argument of counsel and was of the continued opinion that the testimony presented by the president of the appellant was insufficient to justify setting aside the default judgment. The court below further stated that its decision was also based on lack of due diligence on the part of appellant in not contacting a Florida attorney until after the period of time had run before default. Hence, it is apparent that the trial judge did not rely solely on the wording in the motion to set aside the default, but also upon the testimony presented by appellant in support of its motion. Inasmuch as appellant has not seen fit to afford this Court the benefit of the testimony presented by appellant in support of its motion to set aside the default or in support of its motion for a “new trial and rehearing”, we cannot now review the sufficiency of the evidence upon which the trial court concluded the same insufficient to justify a new trial or rehearing on the motion to set aside the default. Neither can we review the unrebutted evidence touching on the damages sustained by the third party plaintiff upon which the final judgment was based. The third-party defendant had not requested the trial court to give notice of hearing on the question of damages, and a valid default judgment having been entered against said third-party defendant, no notice thereof was required.[1]
*234 It appearing from the record on appeal, briefs and oral argument of the parties that appellant has failed to demonstrate that prejudicial error was committed in the proceedings below, the judgment and order appealed herein are AFFIRMED.
RAWLS, C. J., concurs.
SPECTOR, J., specially concurring.

. Stevenson v. Arnold, 250 So.2d 270 (Fla.1971).