SPECTOR, Judge
(specially concurring) :
This action arose out of the purchase of a bulldozer by one Gilmore from appellant. The purchase was made by way of an installment sales contract which was assigned by appellant to John Deere Industrial Equipment Company. Appellant warranted the bulldozer to Gilmore for thirty days. However, the thirty days did not pass before Gilmore encountered numerous mechanical difficulties with the equipment. Although appellant attempted on two occasions to make repairs, these attempts were ineffectual and additional defects of significant magnitude appeared. In essence, the bulldozer was what is popularly termed a “lemon”. Gilmore made only two payments on the installment contract and notified appellant to come get the machine when it became apparent to him that he could get no satisfaction from appellant.
In due course, the bulldozer was picked up and sold and John Deere brought an action against Gilmore for the balance due, whereupon Gilmore filed his third-party action against appellant, Jeffcoat Equipment, Inc. Although service upon appellant was properly perfected, appellant failed to respond in accordance with the rules and a default was entered against Jeffcoat.
While I concur with the majority opinion that there has been no showing of abuse of discretion on the part of the trial judge by his failure to set aside the default against appellant, I deem it appropriate to state that while appellant’s reliance on Riley v. Gustinger, 235 So.2d 364 (Fla.App.1970), is not totally without merit with respect to the issue on whether appellant was entitled to notice of hearing on the damage question, it appears that the decision in Riley has been superseded by the Supreme Court’s later decision in Stevenson v. Arnold, 250 So.2d 270 (Fla.1971). As argued by appellant, a reading of Riley would lead one to the conclusion that after the entry of a default upon a complaint claiming unliqui-dated damages, the defendant should be given notice of the hearing at which damages are intended to be proved. If that proposition of law was established in the Riley case, it is quite clear that a contrary ruling was reached by the Supreme Court in Stevenson v. Arnold, supra. It is for that reason, therefore, that I feel the court must reject appellant’s contention that he is entitled to notice of hearing on the damage question and the consequent opportunity to defend against the plaintiff’s claim for unliquidated damages.