OWEN, Chief Judge
(dissenting):
A money judgment was entered against appellant (defendant below) without notice, after its answer and counterclaim was stricken and default judgment entered for failure of its counsel to attend the pretrial conference. The issue here is whether the court erred in entering the final judgment following an ex parte hearing on appellee’s claim for unliquidated damages.
Appellee’s amended complaint and appellant’s counterclaim each alleged damages arising out of a contract between the parties, and each demanded trial by jury. On August 14, 1973, the court entered an order setting the pretrial conference in chambers at Orlando on September 12, 1973, with jury trial scheduled to commence October 15, 1973. A copy of this order was sent to appellant’s counsel who maintains his offices in DeFuniak Springs, Florida, some 365 miles distance from Orlando. On August 23rd, appellant’s counsel filed a motion for continuance of the pretrial conference on the grounds that he had theretofore been scheduled for oral argument in the First District Court of Appeal in Tallahassee on the same date as the pretrial conference. Despite this pending motion, the pretrial conference was called on September 12th, whereupon the court, noting the absence of appellant’s counsel, entered its order the same day (1) striking appellant’s answer and counterclaim, (2) entering a default against appellant, and (3) setting the case for trial on damages “during the period beginning the 15th day of October, A.D. 1973”. A copy of that order was mailed to appellant’s counsel who received the same on September 17th.
Thereafter, and notwithstanding the court’s order of September 12th setting a trial on damages for the period beginning October 15, 1973, plaintiff on September 21st mailed to appellant’s counsel notice of a hearing to be held on September 28th on “plaintiff’s affidavit as to damages”. Appellant’s counsel asserts that this latter notice was not received by him until three days after the scheduled hearing, which incidentally, turned out to be the “trial” and resulted in the final judgment entered the same day.
Although I think the trial court abused its discretion in striking appellant’s answer and counterclaim and entering a default judgment because of counsel’s failure to appear at the pretrial conference when the record reflected a valid reason for counsel’s nonappearance, this point is admittedly not the issue before us. The question is whether appellant, having had a default judgment entered against it and being faced with the claim for unliquidated damages, was still entitled to notice of trial on the issue of damages, particularly under the facts of this case.
The majority feels that this question is answered by Stevenson v. Arnold, Fla.1971, 250 So.2d 270, which held that a defendant against whom a default judgment has been duly and regularly entered for failure to file pleadings is not entitled to notice of trial in a suit seeking a money judgment for unliquidated damages. It appears to me that the Stevenson case can be distinguished on two important particulars. In the first place, that case involved a default entered against the defendant for its failure to file any pleadings, whereas in the instant case there were numerous pleadings filed, the case was being actively litigated, and the default judgment was entered summarily for counsel’s nonappearance at a pretrial conference for a reason which was *141 (at least arguably) justifiable. In the second place, in the Stevenson case there was no notice of trial whatever, whereas in the instant case the very order which entered the default judgment also scheduled a jury trial on the issue of damages for a time certain, i. e., the period beginning October 15, 1973.
Under the circumstances of this case, it was error, in my opinion, for the court to proceed ex parte on September 28, 1973 to consider the issue of damages nonjury. I feel that justice requires that the judgment be set aside and that upon due notice the cause be set for trial by jury on the issue of damages.