GRIMES, Judge.
Appellant (Caughey) appeals the entry of four final judgments against him which total the sum of $902,500.
The appellees were four of five policemen who each brought suit for compensatory and punitive damages alleging that he had been the subject of an assault and battery at the hands of Caughey. During the course of pretrial proceedings, Caughey was noticed for the taking of his deposition on June 21, 1974. At the request of his attorney, the deposition was rescheduled for June 28, 1974. When Caughey did not appear Tor his rescheduled deposition, the plaintiffs filed a motion to strike Caughey’s pleadings and for entry of a default judgment. This motion, together with a notice of hearing, was served on Caughey’s counsel on July 2, 1974. Caugh-ey’s counsel did not appear at the hearing which was held on July 23, 1974. Thereafter, an order was entered striking Caugh-ey’s pleadings and entering a default judgment against him in favor of all of the plaintiffs. The order further recited that the trial of the cause was set for August 19, 1974 and a copy was mailed to Caugh-ey’s counsel. On August 19, 1974, neither Caughey nor his counsel appeared, and the plaintiffs presented their case for damages to the jury pursuant to the request for jury trial contained in their complaint.
The testimony at the trial showed that officers Lange and Winch arrested an as *85 sociate of Caughey’s at Red’s Tap Room in St. Petersburg Beach. The officers were then attacked by the patrons of the bar. Other policemen came to the scene to assist. During the course of the altercation, the plaintiffs were severely beaten. The record reflects that the mob appeared to be acting at the instigation of Caughey and that he personally struck Lange, Winch and Beller. The court directed a verdict for the plaintiffs for compensatory damages and instructed the jury on the law pertaining to both compensatory and punitive damages. Pursuant to the jury verdicts, judgments were entered for the plaintiffs against Caughey as indicated below :
Beller - $ 250 compensatory $200,000 punitive
Lange - $ 1,000 compensatory $250,000 punitive
Winch - $ 1,000 compensatory $250,000 punitive
Becker - $ 250 compensatory $200,000 punitive
Francis - No compensatory $100,000 punitive
Twenty-two days after the entry of the final judgments, Caughey moved to vacate the judgments. At the hearing, Caughey’s counsel informed the court that he did not appear for trial because he did not have actual knowledge of the trial. He did not deny that the order setting the trial had been received by his office. The motion was granted only to the extent of vacating the punitive damage judgment for Francis since he was found to have suffered no compensatory damages. Caughey filed timely appeals from the remaining four judgments.
Caughey does not seriously urge that the court erred in striking his pleadings and entering a default judgment against him. Rather, he complains that the court erred in failing to restrain counsel from making prejudicial and collateral arguments to the jury and in failing to vacate or modify the punitive damage awards as being excessive. He also argues that the judgment for Becker cannot stand because there was no evidence that Caughey personally assaulted or battered Becker.
The defendant against whom a default judgment has been duly and regularly entered is not entitled to notice of trial on the issue of damages. Stevenson v. Arnold, Fla.1971, 250 So.2d 270. However, such a defendant may be permitted to participate at the trial on these issues, and he is entitled to appeal the judgment or to seek to vacate it under RCP 1.540. Stevenson v. Arnold, supra. Therefore, with respect to the question of notice, Caughey actually received more than he was legally entitled when his counsel was served with a notice setting the case for trial.
Caughey objects most strenuously to statements at the trial made by the plaintiffs and their lawyer characterizing him as one of the largest illegal drug traders in Florida. Ostensibly, this matter was relevant as part of the plaintiffs’ proof of Caughey’s financial worth. Yet, the thrust of counsel’s argument was to encourage the jury to punish Caughey as much for his drug trafficking as for his part in the assaults. Had objections been timely presented, it is likely that some of the evidence presented would have been ruled inadmissible and some of counsel’s remarks would have been stricken. The fact is that no objections were made because neither Caughey nor his counsel were present. Is Caughey now in a position to complain?
Caughey has been unable to cite a Florida case in support of his position. At least in equity, the rule was often stated that on appeal from a final decree by a defendant against whom a decree pro confesso had been entered the appellate court will only review the legality of the proceedings prior to the default, though “the final decree must be proper and such as the complainant is entitled to take on his bill.” Mat *86 thews v. Wilkerson, 1938, 132 Fla. 753, 182 So. 439; Minick v. Minick, Fla. 1933, 111 Fla. 469, 149 So. 483. In the instant case, there was no error prior to default, and the judgments which were entered were clearly within the scope of the relief sought in the complaint.
Even though a default has been entered against one of the parties, the trial judge has the responsibility to keep the proceedings within reasonable bounds in order that justice may not be subverted. Cf. Pensacola Transit Co. v. Denton, Fla. App. 1st, 1960, 119 So.2d 296. Therefore, we are reluctant to announce a rule that a party may never be granted appellate relief because of what transpires in a trial subsequent to the entry of a default against him. As it turns out, we need not reach this question because we do not find a basis in this record upon which it could be said that “fundamental error” occurred.
Caughey’s contention that Becker’s judgment cannot stand because Caugh-ey did not persona’ly assault him is also without merit. The entry of the default had the effect of admitting liability, and the record demonstrates that Caughey was directing the attack upon Becker as well as the other policemen. Likewise, Caughey cannot complain of the verdicts as being excessive, because he failed to file a motion for a new trial. Tampa Transit Lines, Inc. v. Smith, Fla.App. 2d, 1963, 155 So.2d 557; Red Top Cab & Baggage Company v. Grady, Fla.App. 3d 1958, 99 So.2d 871.
Affirmed.
McNULTY, C. J., and HOBSON, J., concur.