PER CURIAM.
This is an appeal by the defendants Far Out Music, Inc., Far Out Management, Ltd., and Steven Gold from a final judgment entered upon a default after a final hearing on damages. The plaintiffs Leroy Lonnie Jordan, Sylvester Allen, and Howard Scott brought suit below against the defendants for: (1) fraud in inducing the plaintiffs to enter into certain personal management, artist recording, co-publishing, and songwriter contracts, and (2) breach of each of these contracts. Defaults were entered against the defendants for violations of certain discovery orders; the final judgment, in turn, assesses nom *524 inal and punitive damages against each of the defendants.
We find no merit in any of the points raised on appeal by the defendants. First, we find no error in the entry of the default in this case as (a) the defendants were adequately noticed as to the hearing below on the plaintiffs’ motion for a default, see Lumpkins v. Amendola, 466 So.2d 1214, 1215-16 (Fla. 4th DCA 1985); In re Brugh’s Estate, 306 So.2d 599, 600 (Fla. 2d DCA 1975); Reizen v. Florida Nat'l Bank at Gainesville, 237 So.2d 30, 32 (Fla. 1st DCA 1970); Fla.R.Civ.P. 1.500(b); 1.080(b); see also Caughey v. Belter, 322 So.2d 83, 85 (Fla. 2d DCA 1975) (where default is properly entered, notice of damages trial to attorney for defendant more than satisfies procedural requirements), cert. denied, 333 So.2d 41 (Fla. 1976), and, (b) defendant’s counsel was properly allowed to withdraw below. See Fisher v. State, 248 So.2d 479, 486 (Fla. 1971); Fla.R.Jud.Admin. 2.060(i). Second, the complaint filed below properly stated a cause of action for fraud and breach of contract. See Zuckerman-Vernon Corp. v. Rosen, 361 So.2d 804, 806-07 (Fla. 4th DCA 1978); Helms v. General Film Dev. Corp., 346 So.2d 1064, 1065 (Fla. 3d DCA 1977); Cerniglia v. Davison Chem. Co., 145 So.2d 254, 255 (Fla. 2d DCA 1962). Third, the trial court committed no error in awarding nominal and punitive damages below based on (a) the admitted allegations of the complaint establishing fraud, and (b) the adamant refusal of the defendants to obey the trial court’s discovery orders, which, in effect, prevented the plaintiffs from establishing a case for compensatory damages. See Lassitter v. International Union of Operating Engineers, 349 So.2d 622, 625-26 (Fla.1976); Royal Netherlands S.S. v. Quinto De Garcia, 489 So.2d 128, 130 (Fla. 3d DCA), pet. for review denied, 496 So.2d 143 (Fla.1986); Erie Winds, N.V. v. Crab Pot Oceanside, Inc., 449 So.2d 426, 427 (Fla. 4th DCA 1984); American Fidelity Fire Ins. Co. v. Woody’s Elec. Serv., 407 So.2d 947, 948 (Fla. 3d DCA 1981). The final judgment under review, therefore, is, in all respects,
Affirmed.