PER CURIAM.
In October of 1971, William Francis gave Remberto and Augustino Diaz a purchase money second mortgage. An additional mortgage was given by Southeastern Home Mortgage Company [“Southeastern”] in December of 1974. On April 3, 1976, Francis brought a mortgage foreclosure action against the Diazes, Southeastern, as an inferior lien holder, and Enrique and Aida Chantres. The Complaint alleged that the Chantreses may have been the owners or were in possession of the mortgaged property.
The Chantreses were served on April 12, 1976 by personal service on Aida Chantres. The clerk entered a default against the Chantreses when they failed to respond to the Complaint. Southeastern filed a cross-claim against the Chantreses, alleging they represented that the property was not already encumbered when, in fact, it was. Southeastern demanded judgment against the Chantreses in an amount equal to all sums awarded to Francis pursuant to Francis’ Complaint.
The Chantreses were served with Southeastern’s cross-claim on May 24, 1976. On June 30, 1976, the trial court entered defaults against the Chantreses for failure to respond to Southeastern’s cross-claim. On July 23,1976, the trial court entered a final judgment of foreclosure in favor of Francis and against all of the foreclosure defendants.
On July 29, 1976 the trial court entered a final judgment in favor of Southeastern for $18,386.20, which was the same amount awarded to Francis in his final judgment. On August 3, 1976, Francis assigned his interest in his final judgment to Security *812 Title and Guarantee Company [“Security”]. On August 6, 1976, upon Security’s motion, the trial court vacated Francis’ final judgment as to Southeastern only, allowing Southeastern’s mortgage lien to survive the foreclosure. On December 16, 1976, Southeastern assigned its cross-claim final judgment against the Chantreses to Security-
In February of 1990, Security attempted to execute on Southeastern’s judgment by noticing the Chantreses for depositions in aid of execution. On April 4, 1990, the Chantreses filed a motion to vacate Southeastern’ cross-claim judgment. The Chan-treses argued that the judgment was void because, inter alia, it was entered ex parte without proof of Southeastern’s claims and unliquidated damages were awarded to Southeastern, even though the Chantreses received no notice of any hearing. Subsequent to two evidentiary hearings, the lower court entered its order vacating Southeastern’s cross-claim judgment against the Chantreses. Security appeals the order vacating Southeastern’s judgment.
The record does not reflect that any error was committed by the original trial judge. In 1976, the year in which the final judgment was entered in this case, Rule 1.440 of the Florida Rules of Civil Procedure did not contain any language requiring that a defaulting party receive any notice of a hearing before the entry of a final judgment where the damages being sought were unliquidated.[1] See B.F. Stevenson v. Arnold, 250 So.2d 270 (Fla.1971); Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978).
Accordingly, the order of the trial court below vacating the 1976 final judgment must be reversed with this cause being remanded to the trial court with directions to reinstate the final judgment.
Reversed and remanded.

. The unliquidated damages in question involved the recovery of attorney’s fees.