HENDRY LUMBER COMPANY v. N. C. BRYANT

189 So. 710
Division A
Opinion Filed June 6, 1939
Rehearing Denied June 22, 1939

*Carey & Harrison,* for Appellant;

*Baynard & Baynard,* for Appellee.

BUFORD, J.—This appeal brings for review order dismissing bill of complaint, the purpose of which was to foreclose a materialman's lien for material furnished by the materialman to the owner.

The bill, *inter alia,* alleges:

"4. Defendant desiring to erect certain buildings and improvements upon said above described real estate did enter into a contract with plaintiff on or about the 20th of May, 1937, and as a result of said contract, defendant did agree to purchase, and plaintiff did agree to sell to defend-

ant, certain building supplies to be used in the construction of said building and improvements upon said above described real estate, a detailed itemized statement of the building material furnished under said agreement as herein set out being hereto attached marked plaintiff's Exhibit 'A' and made a part of this bill of complaint as completely as though written herein in exact words and figures.

"5. Plaintiff shows that said above named defendant from time to time made payments on account of said contract for supplies, as hereinabove set out, a credit and record of said payments being made a part of Exhibit 'A' to this bill of complaint, plaintiff further shows that after allowing full credit for all of the payments thus made on account of said contract, there is a balance due for said building supplies and material thus furnished amounting to the sum of $1,088.59, and that defendant fails and refuses to pay said balance thus due, or any part thereof, although being repeatedly requested by plaintiff to make payment of said balance.

"6. Petitioner shows that twelve months have not elapsed either from the date when the first material was supplied, or from the date when the last material was supplied under the terms of said contract, and that this bill of complaint is being filed for the purpose of foreclosing plaintiff's materialman's lien upon said above described real estate and the improvements thereon which have been created by the use of the materials as supplied, as above stated by plaintiff."

Bill of particulars shows the kind and quantity of material furnished and the date when same was furnished by plaintiff to defendant. The lands upon which the buildings, for the construction of which materials were alleged to have been furnished, are definitely described in the bill and defendant is alleged to be the owner thereof.

Motion to dismiss bill of complaint contained six grounds, as follows:

"(1) Said bill of complaint shows upon its face that there is no equity in said bill.

"(2) Said bill of complaint shows on its face that there was no materialman's lien filed in connection with the material claimed to have been furnished within ninety (90) days from date of the supplying of last material to said premises.

"(3) The said bill of complaint shows that there was no cautionary notice given in connection with the furnishing of said material, that the plaintiff would claim any lien against the property described in the bill of complaint, which is contrary to the statutes of the State of Florida in such cases made and provided.

"(4) Said bill of complaint shows on its face that the plaintiff has nothing more than an open account against the defendant for any balance claimed to be owed by the defendant to the plaintiff.

"(5) Said bill of complaint is vague, indefinite and uncertain.

"(6) Said bill of complaint shows upon its face that the time for filing a lien, under the statutes of the State of Florida, in connection with materialman's lien, had expired prior to the filing of the bill of complaint, and that no such lien has ever been filed against the property described in the bill of complaint." The motion was granted and appeal taken.

The suit was instituted pursuant to the provisions of Chapter 17097, Acts of 1935. Section 2 of the Act provides:

"Section 2. Liens on real property. A contractor, subcontractor, materialman or laborer shall, subject to his compliance with the provisions of this Act to the limitations of

this Section and to the provisions of Sections 4 and 5 and subject to the priorities established by Sections 6 and 20, have a lien on the real property improved for any money that shall be owing to him for labor or services performed or materials furnished in accordance with his contract and with the direct contract. Any person who performs services as architect, landscape architect, or engineer shall, subject to said compliance, limitations and priorities, have a lien on the real property improved for any money that shall be owing to him for his services in preparing plans, specifications or drawings used in connection with improving the real property or for his services in supervising any portion of the work of improving the real property, rendered in accordance with his contract and with the direct contract. The aggregate amount of all liens allowed under this Act for performing labor or services or furnishing materials covered by any certain direct contract shall not exceed the amount of the contract price fixed by said direct contract as diminished by the amount of any money 'properly paid' by the owner under such contract, according to the meaning of the words 'properly paid' as set out in Section 5 of this Act."

Section 3 of the Act, *inter alia,* provides:

"Section 3. Attaching date and extent of liens.

"1. All liens provided by this Act shall relate to and take effect from the time of the visible commencement of operations except that, where demolition is involved in the work of improving, liens other than for demolition shall relate to and take effect from the visible commencement of operations excluding demolition and delivery of materials for such demolition. * * *"

So it is seen no notice of lien is required to be given the owner by a person who contracts directly with the owner and furnishes materials under such contract to the owner

to establish a lien as between owner and such materialman. The Act defines *Lienor* and *Materialman* as follows:

" 'Lienor' means any person having a lien upon real property by virtue of this Act and includes his successor in interest.

" 'Materialman' means any person who, under contract, furnishes materials to the owner, contractor, or subcontractor on the site of the improvement or for delivery to the site of the improvement or who specially fabricates materials for the improvements, and who performs no labor in the installation therof."

Section 4 of the Act provides, in part:

"Excepting a person contracting directly with the owner and excepting a laborer by whom employed, any lienor or any prospective lienor may, before beginning or within thirty (30) days after beginning but not later than the day of completing his labor or services or his furnishing of materials, give to the owner a written notice of intention to claim a lien, hereinafter called a 'notice.' "

Section 21 of the Act provides:

"Section 21. Duration of lien. No lien provided by this Act shall continue for a longer period than one (1) year after the claim of lien has been filed unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction and a notice of the pendency of such action is filed with the clerk of the circuit court of the county in which the claim of lien is filed. containing the names of the parties to the action, the object of the action, a description of the real property and improvements affected thereby and the time of filing the claim of lien. If a lienor having a subsisting lien is made a party defendant in an action to enforce another lien provided by this Act, and the plaintiff or such defendant has filed a notice of the

pendency of the action within the time prescribed in this Section for bringing action to enforce such defendant's lien, the time of such defendant is thereby continued. Such action shall be deemed an action to enforce the lien of such defendant-lienor. The failure to file a notice of pendency of action shall not abate the action as to any person liable for the payment of the debt specified in the claim of lien and the action may be prosecuted to judgment against such person. Where a lien is transferred to a cash deposit or to a bond as provided in Section 25 of this Act a notice of pendency of action need not be filed."

This suit, as stated, *supra,* is by a materialman who alleges that he furnished the materials to the owner under contract with the owner. No other lien claimants, purchasers or creditors are involved, so far as the record shows. Of course, if other equities intervened, such intervention might bring about a question of priorities between claimants, but such question is not presented.

The entire Act must be construed together and, when so construed, it is clear that the Act did not contemplate the record of lien notice as a prerequisite to enforce a lien for materials furnished by materialman under contract direct with the owner. As between them there would be nothing to be accomplished by the service and record of notice. The statute creates a lien if and when a materialman furnishes materials to the owner of lands for the construction of buildings on such lands. The owner is charged with the notice of such lien under the statute. The materialman acquires the lien by furnishing the material and as between these two a notice or record of notice, or record of claim of lien, can serve no useful purpose.

It is held that statutes of this sort should be liberally construed so as to afford the laborers and materialmen the

greatest protection compatible with justice and equity. See Pacific Spruce Corp. v. Oregon Portland Cement Co., 133 Ore. 223, 286 Pac. 520, 72 A. L. R. 1511.

A statutory notice to the owner of an intention to claim a lien is for the benefit and protection of the owner. It is intended to furnish him information and enable him to take steps to guard himself against loss. 40 C. J. 161, Sec. 181. No protection could be furnished the owner by notice of lien claimed by one who furnished him material under a direct contract with him. The chief purpose of the notice is to protect the owner against being compelled to pay for the same material a second time. Hartwick Lumber Co. v. Chonoski, 216 Minn. 424, 185 N. W. 774. No hazard exists that the owner will be required to pay for material a second time when his contract for the material is directly with the materialman. In such cases the statute by subparagraph 1(a) of Section 4, *supra,* in terms exempts persons contracting directly with the owner and laborers from the necessity of giving the owner a written notice of intention to claim a lien and, being so exempted, such materialman so contracting is not required to comply with the provisions of the statute requiring other lienors to perfect their liens by the giving and recordation of notices.

The suit was filed within one year after the materials were furnished. The bill is sufficient to show the existence of a lien in favor of the complainant against the defendant.

It, therefore, follows that the order appealed from must be reversed.

It is so ordered.

Reversed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur. CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as au-

thorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.