FISHER LUMBER COMPANY, a Florida Corporation, v. E. O. VERHINE, *et al.*; FISHER LUMBER COMPANY, a Florida Corporation, v. THE R. F. C. MORTGAGE COMPANY, a Maryland Corporation, *et al.*

3 So. (2nd) 374
En Banc
Opinion Filed July 1, 1941

*Meyer, Davis & Weiss,* and *Darrey A. Davis,* for Appellant;

*Gramling & Gramling* and *Joseph Weintraub,* for Appellees.

ADAMS, J.—From March 18 to June 5, 1937, Fisher Lumber Company furnished building material direct to one Verhine, the owner, to build a house upon the property in question.

On June 4, 1937, Verhine executed a mortgage on the same property to Mercantile National Bank who subsequently assigned same to defendant, R. F. C. Mortgage Company. The mortgage was recorded on the date of June 7, 1937. Fisher Lumber Company never filed a notice of lien. On June 4th, 1938, Fisher Lumber Company filed suit in equity to perfect a first lien and foreclose same for its material. Thereafter R. F. C. Mortgage Company sued to foreclose its mortgage. From decrees favorable to R. F. C. Mortgage Company and adverse to Fisher Lumber Company they come here on appeal and are consolidated.

The only question is, which was the superior lien?

The lumber company insists that its lien is superior, upon authority of Hendry Lumber Co. v. Bryant, 138 Fla. 485, 189 So. 710. With this we do not agree. It is true in this case as there, the lumber company was dealing directly with the owner but in the Hendry Lumber Company case *supra* no question of priorities between creditors was involved.

So far as the owner was concerned, the lumber company's lien was valid and enforceable for a period of one year from the date the last material was furnished. The lumber company failing to file notice of its lien within three months from the date when the last material was furnished, thereby permitted the mortgage lien to become superior. Uniform Mechanics Lien, Acts of 1935. This is true even though the

mortgagee had actual knowledge of the unpaid bill for materials.

Finding no reversible error in either decree, both of same are affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating.