BARNS, PAUL D., Associate Judge.
Two suits were commenced to foreclose mechanics’ liens against the same property *784 and 'against the same defendants. The plaintiff in one suit was L. M. Penzi Tile Co., Inc., and the plaintiff in the other suit was Raymond A. Chrycy. The defendants in each suit were Jack N. Nathman, Selma Nathman, his wife, and Temco Builders, Inc. Thereafter, other claimants of liens intervened as defendants and interposed their claims. The two suits were consolidated. The court below granted relief against the Nathmans and in favor of the original plaintiffs and the intervenors, Banner Supply Co., Inc. and Wright Electric, Inc., from which final decree the Nathmans appeal. We find error and reverse.
We find that in April, 1956, the Nath-mans, as vendees, entered into an executory contract with Temco Builders, Inc., as vendors, to purchase the property at an agreed price after Temco had completed construction. This . contract was not recorded. Temco completed construction and the Nathmans went into possession on October 25, 1956. However, they did not receive their deed until December 27, 1956, which deed was not recorded until January 5, 1957.
 Proof of the filing of a claim of lien is evidence of nothing more than a claim. It is not proof of the existence of a lien. The lien claimant must prove the furnishing of material or labor for the improvement of the property in order to establish a lien, but even then the failure to file the claim of lien within three months after the last labor or material is furnished may cause a loss of the lien because of the intervening rights of third parties. As between lienors dealing with the owner, the lien is acquired by the performance of the labor and the supply of the material for the improvement of the property. The lien, however, may be lost as to purchasers and creditors under either one of the following conditions: (1) when rights are acquired more than three months after the final performance of the labor or services or the final furnishing of the materials when no claims have been filed as provided for by § 84.16, Fla.Stat., F.S.A., or (2) when acquired before the three months has run and no claim of lien is filed within the three months, and no suit to enforce the lien is- commenced within the three months. Sections 84.02 and 84.16, Fla. Stat., F.S.A., and Fisher Lumber Co. v. Verhine Lumber Co., 147 Fla. 670, 3 So.2d 374.
It is claimed that the lienors’ rights are superior to the rights of the Nathmans because their contract as Temco’s vendees was not of record at the time of the “time of the visible commencement of operations” section, § 84.20, Fla.Stat., F.S.A., and that they should have a lien against the interest of the Nathmans because the Nathmans’ contract with Temco called for the construction of the duplex and consequently the construction was for their benefit. The lienors cannot claim priority over Nath-mans’ contract for the want of notice and at the same time claim advantages of the provisions of the same contract for themselves. Furthermore, the construction was primarily for the benefit of Temco and not the Nathmans, and the provisions of the contract were no inducement for the rendering of the services or supplying of the material since they did not know of it and therefore did not rely upon it.
We find that no material or labor or services sufficient to be a basis for a mechanics’ lien were supplied or rendered after the Nathmans went into possession on Octsber 25, 1956.
The claims of Penzi, Wright and Chrycy having been filed more than three months after the furnishing of the last material, labor or services by them, and after the Nathmans had completed their purchase and taken title, the decree will be reversed on the authority of §§ 84.14 and 84.16, Fla.Stat, F.S.A., and Fisher Lumber Co. v. Verhine Lumber Co., supra.
We find that Banner was not in privity with Temco but supplied material to Mathis, a plasterer who was a contractor *785 with Temco. In view of this finding, and since Banner failed to establish that Mathis had not been paid in full by Temco at the time of the filing and service of its claim of lien, the decree will be reversed as to Banner.
The decree appealed from is reversed with directions to enter a decree consistent herewith in favor of the appellants.
Reversed with directions.
CARROLL, CHAS., C. J., and PEARSON, J., concur.