KANNER, Acting Chief Judge.
E. R. Andersen & Co., Inc., as plaintiff, prevailed in a mechanics’ lien foreclosure suit against Buckingham Properties, Inc., defendant, who protests this decision through its appeal here.
The action was filed within the requisite period of one year for enforcement of the lien. The complaint alleged that the plaintiff, pursuant to an oral contract, furnished and installed tile in a building located on property belonging to the defendant. The plaintiff claims that the last items of materials or labor were furnished on December 31, 1958, and that its claim of lien was filed on March 30, 1959; also, that suchi. claim of lien was properly filed and that the service of the claim of lien was properly made. Arthur Hein and Ethel V. Hein, his wife, also were made parties defendant. They derived ownership to the land from the defendant, Buckingham Properties, Inc., some time after the materials and labor had been furnished. Under authority of section 84.24, Florida Statutes, F.S.A., following; the filing of the claim of lien but before the entry of the suit, the defendant, Buckingham Properties, Inc., caused the claim of lien to be transferred to a money fund which it deposited in the registry of the court. The defendants Hein were served with process but did not defend, and decree pro confesso was entered against them.
*757 Buckingham Properties, Inc., interposed .an answer, the effect of which was mainly a denial of the allegations of the complaint, thereby creating an issue between plaintiff and defendant upon the complaint’s allegations.
Before the chancellor, the plaintiff by its evidence proceeded upon the premise that the labor and material were furnished pursuant to an oral contract negotiated by one William J. White as an employee and agent of the defendant. Buckingham Properties, Inc., took the position through its testimony that White was an independent contractor. The evidence was conflicting on this phase, but the chancellor found that the equities of the cause were with the plaintiff. There was no dispute as to the value of the work or the materials, nor as to the identity of the property into which the materials were installed.
The defendant in its brief before this •court presents three questions for reversal: (1) that there was no evidence that plaintiff filed claim of lien within the three months’ statutory period in accordance with section -84.16, Florida Statutes, F.S.A., (2) that there was no evidence that plaintiff served a copy of claim of lien on defendant by registered mail in accordance with section 84.-18, Florida Statutes, F.S.A., and (3) that the final judgment entered by the court was •contrary to the law and evidence.
An examination of the defendant’s brief discloses that the only attack on the court’s decision relates to the failure of the plaintiff to have fulfilled the statutory requirements as to the filing of claim of lien within the statutory time and the serving of it ■upon the defendant. These fall within points one and two, and a reading of the brief under point three yields only a repetition of that which is urged under the previ- • ous points.
The defendant relies upon a part of the testimony given on behalf of plaintiff that the last labor or materials were furnished on December 27, 1958, and that thus the claim of lien was improperly filed on March 30, 1959; also that a copy of claim of lien was not served by registered mail as required by section 84.18 but was sent through ordinary mail.
In opposition, the plaintiff asserts that White, with whom the plaintiff dealt, was the general supervisor of building construction for the defendant acting on behalf of the defendant and under his authority and that therefore the relationship between the plaintiff and the defendant was that of direct privity. As has been pointed out, the Heins, who became the owners of the land later, have not defended; and the controversy is solely between plaintiff and defendant, Buckingham Properties, Inc., which procured the transfer of the claim of lien to a cash deposit. Also as stated before,, there has been a total failure of the defendant to urge on the appeal that the evidence sustains a relationship of independent contractor.
We find that the evidence adequately upholds the implicit determination of the chancellor that White acted under authority and on behalf of the defendant, and consequently there was direct privity between the plaintiff and defendant so that the lien of the plaintiff attached at the time of visible commencement of operations and was not dependent upon the filing of any claim of lien. The mechanics’ lien laws are designed to afford protection to the laborer and the materialman and should be liberally construed to effectuate that purpose. When the contract is made directly with the owner or through his agent, neither the cautionary notice nor the record lien notice is necessary as a prerequisite to enforce the lien. Robert L. Weed, Architect, Inc. v. Horning, 1947, 159 Fla. 847, 33 So.2d 648; Hendry Lumber Co. v. Bryant, 1939, 138 Fla. 485, 189 So. 710, and Broderick v. Overhead Door Co. of Fort Lauderdale, Fla.App.1959, 117 So.2d 240.
Affirmed.
SHANNON, J., and FUSSELL, CARROLL, Associate Judge, concur.