ALLEN, Judge.
Appellees, plaintiffs below, hereinafter referred to as mortgagees, filed their complaint for foreclosure of certain described premises. Appellant, among others, was named a party defendant because of a mechanic’s lien claim it held against the premises. Appellant will hereinafter be referred to as the lienor. The lienor filed its counterclaim and crossclaim asserting the superiority of its lien over the mortgage being foreclosed. On motion of the mortgagees, the lower court entered the order, here appealed, dismissing said crossclaim and counterclaim.
The correctness vel non of the order granting the motion to dismiss depends on which of the two subject claims, the mortgage or the lien, is superior to the other.
The mortgagees acquired their mortgage and promissory note on March 30, 1961, the date of execution of said documents. Said mortgage was recorded on April 6, 1961.
The lienor furnished materials and labor which were used in the improvement of the property. The last item of materials was furnished on October 10, 1960. The lienor filed its claim of lien on April 4, 1961, which was within one year from the date the last materials were furnished but not within three months from said date. On September IS, 1961, also within said one year period, the lienor supplied the owners with a sworn statement stating that all other lienors contracting directly with or directly employed by the lienor had been paid in full.
As aforesaid,-' the mortgage was recorded on April 6, 1961, two days after the claim of lien was filed on April 4, 1961. Neither the mortgagee nor' the lienor had actual knowledge of the existence of the other’s claim on the premises.
The appellant states the following questions :
“If a mortgage on certain land is executed on one date, recorded on a later date, and between these dates a claim of lien against said land is filed for record by a materialman in privity with the owner of said land, which claim of lien was recorded within one year from the last date of delivery of materials, but not within three months therefrom, who has the prior and superior lien, the mortgage holder or the lienor; neither mortgage holder nor lienor having actual knowledge of the claim of the other?”
The lower court held that the mortgage holder had priority since it was necessary *195 for the lienor to have filed his lien within three months after the last materials were furnished.
We shall affirm the decree because the lienor is required, under the mechanics’ lien laws, to file a lien within three months after the last material is furnished to preserve the priority of his previously attached mechanic’s lien.
In the case of Fisher Lumber Co. v. Verhine, 147 Fla. 670, 672, 3 So.2d 374, 375, the Florida Supreme Court held that where materials were furnished and the owner mortgaged and premises to the mortgagee who recorded the mortgage three days later, the materialman, by failing to file notice of its lien within three months from the date when the last material was furnished permitted the mortgage lien to become superior notwithstanding the fact that the mortgagee had actual knowledge of the unpaid bill for materials.
The Supreme Court, in its opinion, said:
“The only question is, Which has the superior lien ?
“The Lumber Company insists that its lien is superior, upon authority of Hendry Lumber Co. v. Bryant, 138 Fla. 485, 189 So. 710. With this we do not agree. It is true in this case as there, the Lumber Company was dealing directly with the owner but in the Hendry Lumber Company case, supra, no question of priorities between creditors was involved.
“So far as the owner was concerned, the Lumber Company’s lien was valid and enforceable for a period of one year from the date the last material was furnished. The Lumber Company failing to file notice of its lien within three months from the date when the last material was furnished, thereby permitted the mortgage lien to become superior. Uniform Mechanic’s Lien, Acts of 1935, c. 17097. This is true even though the mortgagee had actual knowledge of the unpaid bill for materials.”
In Nathman v. Chrycy, Fla.App.1958, 107 So.2d 782, the Third District Court of Appeal, in an opinion written by Judge Barns, Associate Judge, said:
“We find that in April, 1956, the Nathmans, as vendees, entered into an executory contract with Temco Builders, Inc., as vendors, to purchase the property at an agreed price after Tem-co had completed construction. This contract was not recorded. Temco completed construction and the Nath-mans went into possession on October 25, 1956. However, they did not receive their deed until December 27, 1956, which deed was not recorded until January 5, 1957.
“Proof of the filing of a claim of lien is evidence of nothing more than a claim. It is not proof of the existence of a lien. The lien claimant must prove the furnishing of material or labor for the improvement of the property in order to establish a lien, but even then the failure to file the claim,? o-f lien within three months after the last labor or material is furnished may cause a loss of the lien because of the intervening rights of third parties. As between lienors dealing with the owner, the lien is acquired by the performance of the labor and the supply of the material for the improvement of the property. The lien, however, may be lost as to purchasers and creditors under either one of the following conditions: (1) when rights are acquired more than three months after the final performance of the labor or services or the final furnishing of the materials when no claims have been filed as provided for by § 84.-16, Fla.Stat., F.S.A., or (2) when acquired before the three months has run and no claim of lien is filed within the three months, and no suit to enforce the lien is commenced within the three months. Sections 84.02 and 84.16, Fla. Stat, F.S.A., and Fisher Lumber Co. v. Verhine Lumber Co., 147 Fla. 670, 3 So.2d 374.
*196 * * * * * *
“The claims of Penzi, Wright and Chrycy having been filed more than three months after the furnishing of the last material, labor or services by them, and after the Nathmans had completed their purchase and taken title, the decree will be reversed on the authority of §§ 84.14 and 84.16, Fla.Stat., F.S.A., and Fisher Lumber Co. v. Verhine Lumber Co., supra.”
As against the owner of the property, the lien would have been preserved without filing the lien as was done in this case, but as against a mortgagee lending money prior to the recording of the lien after 90 days, such mortgagee would have priority
Affirmed.
SHANNON, C. J., and KANNER, J., concur.