HORTON, Judge.
The appellant was the defendant below in an action to foreclose an architect’s lien. The appeal is from an adverse final decree. We affirm.
The appellees sued to foreclose a lien for certain alleged architectural services performed for appellant for which only partial payment had been received. The record reveals that the negotiations giving rise to this transaction began between Robert J. Boerma, an architect, and Frank Gabor, president of Gabor and Company, Inc., and who also was president of Protection House, Inc., the appellant. By letter dated September 29, 1960, Boerma agreed to prepare the plans and supervise the construction of a building for Gabor and Company, Inc. This letter was signed by both Boerma and Gabor in their individual capacities. Subsequently, Boerma advised Gabor that he had become affiliated with Daverman and Associates (plaintiff-appellee) as resident architect and that he was to handle the job in that capacity. The evidence indicates that the parties by mutual consent assigned this contract so that Daverman and Associates became the architects for Protection House, Inc., the corporation in which title to the property was taken. The construction documents were drawn in these names and the billings and correspondence reflect and confirm this change.
The appellant’s answer to the claim was in the nature of a general denial together with a counterclaim alleging that the ap-pellee had negligently performed its duties. *67 The cause was tried before the court and upon termination of the trial, the chancellor dismissed the counterclaim without prejudice, found in favor of appellee on its claim, and entered a money judgment in the sum of $3,094.58, plus interest and costs.
The appellant has challenged the validity of the decree based upon a number of alleged errors in perfecting and foreclosing the appellee’s lien. In essence, the appellant contends (1) that the contract here involved was between Gabor and Boerma individually and not between the plaintiff and defendant; (2) that there was no assignment of the contract; (3) that the claim of lien was never signed by or on behalf of the appellee as required by § 84.14(1), (8), Fla.Stat., F.S.A. (1961) ; and (4) that there was no valid service of the claim of lien upon the appellant as required by § 84.18, Fla.Stat., F.S.A. (1961).
We have carefully considered each contention presented by appellant and for the following reasons conclude that they are without substantial merit.
A letter dated September 29, 1960, constituted the contract between the parties for architectural services. The record reflects that Daverman and Associates and Protection House, Inc., orally agreed to abide by the terms and conditions of the contract between Boerma and Gabor, and was in effect an assignment. Frank Gabor, as president of both corporations, was fully aware of the events and circumstances surrounding the entire transaction. Further, both Boerma and Daverman and Associates dealt directly with Gabor in his capacity as president and agent acting on behalf of Gabor’s corporations. As such, Gabor had the apparent authority (either express or implied) to bind his corporations. Under such circumstances, the appellant is not in a position, absent a showing of prejudice, to insist upon strict compliance with the statute (chapter 84, Fla.Stat., F.S.A., 1961). In Buckingham Properties, Inc., v. E. R. Anderson & Company, Fla.App.1961, 125 So.2d 756, it was held that when a contract is made directly with the owner or through his agent, neither the cautionary notice nor the record lien is necessary as a prerequisite to enforce the lien. The court stated:
“We find that the evidence adequately upholds the implicit determination of the chancellor that White [the agent] acted under authority and on behalf of the defendant, and consequently there was direct privity between the plaintiff and defendant so that the lien of the plaintiff * * * was not dependent upon the filing of any claim of lien. The mechanics’ lien laws are designed to afford protection to the laborer and the materialman and should be liberally construed to effectuate that purpose. When the contract is made directly with the owner or through his agent, neither the cautionary notice nor the record lien notice is necessary as a prerequisite to enforce the lien. Robert L. Weed, Architect, Inc. v. Horning, 1947, 159 Fla. 847, 33 So.2d 648; Hendry Lumber Co. v. Bryant, 1939, 138 Fla. 485, 189 So. 710, and Broderick v. Overhead Door Co. of Fort Lauderdale, Fla.App. 1959, 117 So.2d 240.”
In the instant case the appellant has never denied owing the architectural fee and in fact, as noted above, had made partial payment. It has never contended that the fee in question is not the amount agreed upon in the initial contract. These facts bring to mind the statement by Mr. Justice Terrell in Robert L. Weed, Architect, Inc. v. Horning, 159 Fla. 847, 33 So.2d 648, 650, a case similar to the case sub judice:
“It is not amiss to bear in mind that it is not denied that appellant performed the services in question, that he earned his fee, the amount of which is not challenged * * * and that it is long past due and no part of it has been paid. When a litigant starts a law suit with all these elements in his favor, and the law guarantees him a remedy when he is wronged, it must take something more than shadow box *68 ing in a maze of legal abstractions to defeat his search for it. If that is not true, then one’s pursuit of justice is about as tangible as chasing the mirage or pursuing that certain pot of gold at the end of the rainbow.”
The final decree appealed is affirmed.
Affirmed.