BARNS, PAUL D., Associate Judge.
The lower court sustained the appellee-defendant’s motion to dismiss plaintiff’s complaint in equity seeking foreclosure of a mechanic’s lien against land of the defendant-appellee; upon sustaining the motion to dismiss the lower court transferred the action to the law side of the court; thereupon plaintiff entered this interlocutory appeal. We find error and reverse.
The complaint seeks foreclosure of a lien for the balance due for the services rendered and material furnished in the construction of a swimming pool on defendant’s property which is alleged to have been satisfactorily completed. The notice of lien attached to the complaint states the completion date to have been August 12, 1963. It is further alleged that the balance due on the contract is $2,465.00 which the defendant has failed and refused to pay after repeated demands; and that twelve months have not elapsed since the furnishing of the last material and labor.
Chapter 63-135 Acts of Florida of 1963, now F.S. Chapter 84, F.S.A. (1963) was made effective on October 1, 1963 but plaintiff’s rights are governed by F.S. Chapter 84, F.S.A. (1961), the applicable law before the 1963 enactment.
Any question as to the sufficiency of the notice of claim of lien filed of rec *776 ord and served on the defendant, at this time, appears to be moot by reason of the allegations of the complaint as above stated and hereinafter recited and the judicial interpretations of F.S. Chapter 84, F.S.A. (1961). In Buckingham Properties, Inc. v. E. R. Anderson & Co., Fla.App.1961, 125 So.2d 756, per Judge Kanner, it is stated that in suit seeking to enforce a mechanic’s lien “[w]hen the contract is made directly with the owner or through his agent, neither the cautionary notice nor the recorded lien notice is necessary as a prerequisite to enforce the lien” [with citations]; see also Maule Industries, Inc. v. Trugman, Fla.1961, 59 So.2d 27. Remedial statutes should be liberally construed so as to advance the remedy.
The contract for the construction of the pool was (or seems to have been) executed not by the defendant Swan, but by the appellant-builder and one “Ed Reining for Mr. Swan — owner.” The complaint alleges that “Defendant, Etta J. Swan, and her husband, James W. Swan, as her agent authorized Reining Construction Company to obtain a sub-contractor on her behalf to build and install a swimming pool on the aforesaid real propertyand that she discussed and agreed upon the plans and price: that “Etta J. Swan and her husband, James W. Swan, as her agent being desirous of improving said parcel of land by and through their authorized agent, Edward Reining d/b/a Reining Construction Company, Inc. did enter into a contract on or about the 21st day of May,. 1963 * * with POOLS BY TROPICANA, INC.” for the construction of the pool in question.
It clearly appears that the complaint alleges that Reining was the agent of the defendant and not the contracting party; or that if Reining was the contracting party she was a disclosed or an undisclosed principal. In either event the plaintiff would be the primary contractor and not a subcontractor. At least it appears that she knowingly got the pool and that it was built by the plaintiff with the knowledge of the defendant and that she has not fully paid for it.
The complaint is not without equity and it was error to sustain the motion to dismiss and transfer the suit to the law side of the court; wherefore the order appealed from is reversed.
Reversed.
" WHITE, Acting C. J., and ANDREWS, J., concur.