HENDRY, Chief Judge.
Miller Electric Company of Miami, Inc., one of the defendants below, appeals from a final decree in foreclosure.
On January 18, 1966, plaintiff, Joseph A. Sweeny, as trustee filed a complaint to foreclose a mortgage dated September 21, 1964, and recorded on October 5, 1964. In its answer, Miller Electric alleged that if plaintiff has any right, title or interest in the property known as the Taj, it is subordinate and inferior to Miller Electric’s rights. The cause came on for final hearing and the lower court entered a final decree in foreclosure in favor of plaintiff in the total sum of $232,813.57.
Mr. Miller, president of Miller Electric testified at the hearing that he entered into an oral contract with the president of the Taj, Inc., to renovate the electrical system so that the building could be converted from a hotel to apartments. His company commenced work on the property about October 25, 1962. Mr. Miller further testified that his company continued working through November 23,1965 and that there was a balance due of $14,329.35. A claim of lien *735 was filed on December 22, 1965. On cross-examination, Mr. Miller testified that the work completed on November 23, 1965, was unrelated to the original contract. He also testified that he had no records to establish what work his company had done on the property subsequent to October, 1964. Other testimony revealed that the Taj opened for business and started taking in tenants in September or October, 1963.
Miller Electric Company claims its lien has priority over the mortgage which was not recorded at the time of the visible commencement of its work on the property.[1]
Liens arising under chapter 84, Fla. Stat., F.S.A., as it existed prior to October 1, 1963, related back to the time of the visible commencement of operations.[2] However, in order for one to benefit by this relation back doctrine, “the material delivered or labor or service performed must have been in connection with a single construction project going forward under a common plan, prosecuted with reasonable promptness to a conclusion and without material abandonment.” [3] In addition to proving that he has furnished material or labor for the improvement of the property, the lien claimant must also file a claim of lien within three months after the last labor or material is furnished or the intervening rights of third parties may become superior.[4]
Miller Electric Company’s claim of lien was filed on December 22, 1965 while plaintiff’s mortgage was recorded on October 5, 1964. Unless the proof submitted by Miller Electric Company establishes that it filed notice of its lien within three months after the last labor or material was furnished, the mortgage lien has become superior.
The president of Miller Electric admitted that he had no records to establish that any work was performed on the property which related to the original contract subsequent to October 1, 1964.
Based on this testimony and other evidence in the record we must conclude that Miller Electric Company has failed to clearly establish that the chancellor erred in finding that its claim of lien was filed more than three months after the last labor or material was furnished by it under its original contract with the Taj, thereby permitting the plaintiff’s mortgage lien to become superior.
We have thoroughly reviewed all other points on appeal and hold that reversible error has not been made to appear.
Therefore, the decree appealed is affirmed.
Affirmed.
CHARLES CARROLL, J., dissents.

. Section 84.24, Fla.Stat., F.S.A., repealed October 1, 1963, by virtue of § 84.361 Fla. Stat., F.S.A., “The rights of all persons with respect to an improvement that has a time of visible commencement prior to October 1, 1963, shall be determined and enforced as provided in former §§ 84.01— 84.35, as they existed prior to October 1, 1963.”

. Section 84.03, Fla.Stat., F.S.A.

. Geiser v. Permacrete, Inc., Fla.1956, 90 So.2d 610, 613.

. Section 84.16 Fla.Stat., F.S.A.; Fisher Lumber Co. v. Verhine Lumber Co., 147 Fla. 670, 3 So.2d 374 (1941); Nathman v. Chrycy, Fla.App.1958, 107 So.2d 782.