PEARSON, Judge.
Canada Dry Bottling Company of Florida, Inc., and Wesley Construction Company, Inc., defendants below, appeal from a final judgment for the plaintiff. The appellee claimed a lien pursuant to §§ 85.03,[1] 85.26,[2] and 86.07,[3] Fla.Stat. (1965), F.S.A. Canada Dry is the fee owner of property upon which it was having built a structure for manufacturing its products. Wesley was the general contractor. A third defendant, Parris Construction Co., was a subcontractor. Meekins, Inc., the plaintiff-appellee, furnished Parris with materials which were *440 incorporated into the building. Meekins brought suit for the value of material supplied to Parris. Default judgment was entered against Parris, which is not a party to this appeal. A money judgment was entered against the appellants, and a lien upon Canada Dry’s property was declared to exist.
The appellants present three points. In the first they urge that the court erred in entering judgment for the materialman because neither the owner nor the general contractor was indebted to the subcontractor at the time the materialman delivered notice to the owner that the subcontractor was indebted to the materialman. The appellants rely upon the following statute:
“Acquisition of liens by persons not in privity with the owner.—
(1) AS AGAINST THE OWNER.—
A person entitled to acquire a lien, not in privity with the owner, as aforesaid, shall acquire a lien upon such owner’s real or personal property as against him, and persons claiming through his death, and purchasers and creditors with notice, by the delivery to him or his agent, of a written notice that the contractor or other person for whom the labor has been performed, or the materials furnished, is indebted to the person performing the labor or furnishing the materials in the sum stated in the notice; but if a person who is performing or is about to perform, by himself or others, labor, or is furnishing or is about to furnish materials shall so desire, he may deliver to the owner, or his agent a written cautionary notice that he will do certain work, or will furnish certain materials, or both. A lien shall exist from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor or the person for whom the work zms done or the material furnished. Such service shall also create a personal liability against the owner of the property in favor of the lienor giving such notice for the amount due him as aforesaid, but not to a greater extent than the amount of such original contract.” (Emphasis added.) § 85.26, Fla.Stat. (1965) F.S.A.[4]
The substance of the argument under this point is that in situations like the one before us the emphasized language of the statute means that where there is no money due from the owner or the general contractor to the subcontractor no lien can arise, even though there is money due from the owner to the general contractor.
The following facts pertain to this point. The appellee, Meekins, furnished building material to the subcontractor, Parris. After a partial payment for the materials, Parris abandoned the work. The general contractor, Wesley, completed the subcontract work. Meekins’s notice for the amount unpaid was served upon the owner, Canada Dry, at a time when Canada Dry was indebted to Wesley but when neither Canada Dry nor Wesley was indebted to Parris.
 The interpretation of the section contended for by the appellants is strained and would require us to read into the section additional language (which we indicate by means of italics) so that the portion of the section we emphasized above would provide: “A lien shall exist from the time of the service of the notice for the amount unpaid on the contract of and by the owner to the contractor if the lienor contracted with the contractor or the person for whom the work was done or the materials furnished if the lienor contracted with a person other than a contractor. The purpose of § 85.03,[5] which bears the heading “Liens for materials furnished”, is to provide a remedy for materialmen. Remedial statutes should be interpreted liberally in order to effect the purpose of their enactment. Howard v. American Service Mutual Insurance Co., Fla.App.1963, 151 So.2d 682, 8 A.L.R.3d 382; Pools By Tropicana, Inc. *441 v. Swan, Fla.App.1964, 167 So.2d 775; Grammer v. Roman, Fla.App.1965, 174 So. 2d 443. We therefore cannot interpret § 85.26[6] in the manner the appellants would have us do for that would defeat the purpose of § 85.03.[7] We conclude that no error has been demonstrated under the appellants’ first point.
In their next point the appellants urge that the Mechanics’ Lien Law (now Part I, Chapter 713, Fla.Stat., F.S.A.) supersedes § 85.03[8] and that the Mechanics’ Lien Law is now the exclusive remedy for the acquisition and perfection of a lien by a materialman. We conclude that error has not been demonstrated under this point. The statute bearing the heading “Liens for materials furnished” has contained the same provisions since 1917. In § 36, Chapter 67-254 of the Laws of Florida,-the Florida Legislature changed the number of that statute from § 85.03 to § 713.52. In view of the provisions of §§ 11.2421 and 11.2422, Fla.Stat. (1967), F.S.A., it is clear that the Legislature knowingly carried the statute forward and intended it to remain effective. We therefore cannot agree that the Mechanics’ Lien Law supersedes § 85.03, Fla. Stat. (1965), F.S.A.[9]
The appellants’ third point is inapplicable and without merit.
Affirmed.

. § 713.52, Fla.Stat. (1967), F.S.A.

. § 713.75(1), Fla.Stat. (1967), F.S.A.

.§ 85.021, Fla.Stat. (1967), F.S.A.

. See note 2.

. See note 1.

. See note 2.

. See note 1.

. Ibid.

. Ibid.