RAWLS, Judge
(dissenting).
This action was filed by Warren Brothers Construction Company, a materialman, against appellant-defendant, Logan Construction Company, a general contractor, and others. The plaintiff-materialman furnished paving materials to Harry J. Kelly Paving Company, a sub-contractor of Logan, the general contractor. When the subcontractor failed to pay for the delivered materials a Mechanic’s Lien was filed by the materialman. The general contractor, Logan, moved for a judgment on the pleadings on the ground that the materialman to the sub-contractor was not in privity with it and was not entitled to a money judgment against Logan.
I am in complete accord with my brother Carroll of the Third District Court of Appeal in his dissent in Canada Dry Bottling Co. v. Meekins, Inc., of Dade County, 219 So.2d 439, 441 (Fla.App.3rd, 1969), wherein he stated:
“I concur in the judgment affirming the holding that a lien was established against the affected property of the owner and affirming the granting of a money judgment against the owner, for the value of materials supplied by the plaintiff to the sub-contractor, since the statute expressly so authorizes. However, in my opinion the trial court committed error in granting the plaintiff a money judgment against the contractor, because the statute does not make provision for it. The materialman contracted with the subcontractor. It had no contract with the defendant contractor, Wesley Construction Co. In the absence of privity, the materialman was not entitled to obtain a money judgment against the contractor, unless the statute conferred that right, which it did not. The personal judgment against the general contractor should be reversed.”
I dissent.