McNULTY, Judge
(dissenting).
I must dissent for three compelling reasons. First, since it is the clear intent and purpose of the mechanics’ lien law to assure lienors an effective remedy for collecting the fruits of their labors,[1] I would construe liberally any doubtful, ambiguous and conflicting provisions of the statute in favor of the lienor.[2] Toward this purpose, *87 it should be noted that a lienor has 90 days within which to file his claim of lien [3] and he has the right to amend that claim of lien at any time within the same period[4] as was done here. It follows, in my view, that even though an owner may acquire the right to accelerate the time within which suit to enforce such lien must be brought (i. e., from 12 months to 60 days after the filing of such claim of lien[5]) such right does not become absolute before 151 days unless the lienor chooses to file such claim of lien without amending it, before the 90th day. That is to say, if such right accrues to an owner before 151 days it is in the nature of a gratuitous circumstance brought about by the diligence of the lienor in filing his claim earlier than the permitted 90 days. Can it be said, then, if a lienor, for whose benefit the law exists in the first place, is extremely diligent and files his claim of lien on the first permissible day, and immediately thereafter an owner files his notice of contest (bringing into play the foregoing 60 days provision of § 713.22(2), supra,), that such lien- or would lose his right to amend after the 61st day notwithstanding he would otherwise have 90 days if he were but less diligent? Such a result would be anathema to the intent and purpose of the mechanics’ lien law.
Secondly, it is argued, and the majority apparently agree, that an owner has no other way of accelerating the enforcement of a lien except for the provisions of the aforesaid § 713.22(2), and thus it would be unfair to permit a lienor to extend or defeat that 60 day acceleration provision by the mere device of filing one or more amendments after the service of a notice of contest by the owner. The clear answer to this is also threefold: (1) That section is not the only provision of the mechanics’ lien law affording an owner relief. Section 713.21(4), F.S.1969, F.S.A., provides that any interested party may file a complaint in the circuit court for summons to the lienor to show cause within 20 days why the lien should not be enforced. This provision accelerates even further an owner’s entitlement to have the matter adjudicated. (2) An owner cannot be heard to complain, if he doesn’t file such a complaint under § 713.21(4) aforesaid, that the 60 day period allowed by § 713.22(2), supra, has been extended (assuming that, as here, it is within the 90 days permitted to the lienor within which to amend a lien) since, as we noted above, an absolute right to compel enforcement of the lien in this manner does not inure to such owner before 151 days. (3) Notwithstanding the provisions of § 713.21(4), supra, I know of no reason why an owner could not also bring an action at any time either to quiet title and/or strike a lien of record, if one has been indeed filed, or to sue for declaratory decree to determine the rights of the parties under any writing or statute, or to seek judicial relief under any other theory of right to which such owner feels he is entitled as against a potential lienor. This argument falls.
Finally, the suit in this case was brought on the amended claim of lien, not on the original claim of lien against which the owner’s notice of contest was filed. No notice of contest was filed to the amendment, and for all we know the owner does not question its validity or accuracy. If the majority view is correct it would tend to discourage the filing of an amended claim of lien, after a notice of contest is filed as against the original, when the filing of such amended claim of lien might well tend to prevent further litigation.
I would reverse and permit further proceedings on the amended claim of lien. The voluntary nonsuit interjected into the factual situation here does not preclude this nor, in my view, does it effect the status of the lien or the parties hereto under the rationale articulated herein.

. See, e. g., Crane Co. v. Fine (Fla.1969), 221 So.2d 145 and United States v. Griffin-Moore Lumber Co. (Fla.1953), 62 So.2d 589.

. See, Crane Co. v. Fine, id, in which our Supreme Court construed ambiguous time periods in favor of the lienor. See, also, Hendry Lumber Co. v. Bryant (1939), 138 Fla. 485, 189 So. 710.

. § 713.08(5), F.S.1969, F.S.A.

. § 713.08(4) (b), F.S.1969, F.S.A.

. § 713.22(2), F.S.1969, F.S.A.