DEKLE, Justice.
Can an unpaid materialman of a subcontractor recover a personal judgment against the general contractor in the absence of privity, in 'his special action at law to foreclose his lien against the property and the owner ?
This is the question on conflict presented by petition for certiorari to review the First District’s decision at 257 So.2d 52 (Fla.App.lst 1972). Fla.Const. art. V, § 4(2), F.S.A.; F.A.R. 2.1(a)(5)(b) and 4.5 (c), 32 F.S.A.
The subcontractor left the job and did not pay his materialman. There was no contract or other privity by the material-man with the general contractor or otherwise. A summary judgment in favor of the materialman was entered in the circuit court against the owner and also against the general contractor for a personal money judgment. The First District affirmed with Rawls, J., dissenting in accord with Third District Judge Charles Carroll’s dissent denying recovery against the general contractor in the earlier case of Canada Dry Bottling Co. v. Meekins, Inc., of Dade County, 219 So.2d 439, 441 (Fla.App.3d 1969.) Judge Rawls quotes the dissent of Judge Carroll in Canada Dry as follows: