PER CURIAM.
The pivotal question in this case is when are materials “finally” furnished to an owner by a contractor in order to secure a mechanics lien, pursuant to Section 713.-08(5), Florida Statutes (1977).
We hold that where the work is suspended on the project by the owner and the contractor is unable to go forward with the work (although he has material on the job site needed to complete the work), the materials are “finally” furnished when the owner notifies the contractor that he wants the work to proceed and the materials are then utilized. Baldyga Construction Company, Inc. v. Hurff, 164 N.J.Super. 587, 397 A.2d 396 (1978); Gaston v. Avansino, 39 Nev. 128, 154 P. 85 (1915); Anno. 97 ALR 780 and cases cited therein. Compare, Miller Electric Company of Miami, Inc. v. Sweeny, 199 So.2d 734 (Fla. 3d DCA 1967).
No error was made in the award of attorney fees. See: Section 713.29, Florida Statutes (1977).
Therefore, the final judgment under review is affirmed.
Affirmed.